Spain v. Thomas.

# Spain et al. v. Thomas.

1. *Practice in Appellate Court—Abstract Not in Compliance with the Rules of Court.*—The following, purporting to be an abstract of the record viz.:

"ABSTRACT OF RECORD.

Page.

1. Placita. Praecipe.
2. Summons, service and return.
3-6. Declaration in assumpsit.
7. Motion to rule plaintiff to·a bond for costs.
8. Bond for costs.
9. Plea of Statute of Limitations.
10. Replication to plea.
11. Demurrer to replication.
12. Answer to demurrer.
13-14. Bill of exceptions.
17-19. Appeal bond duly approved.
20. Orders of court and judgment.
21-22. Copy of order book.
23. Assignment of error.
25. Certificate of Clerk of County Court."

Was held to be a mere index and not to be regarded as an abstract of the record in any sense as required by the rules of the court.

2. *Rules of Court—Waiver.*—The Appellate Court has no right to waive the enforcement of its rules, as a matter of favor, in any case, without granting the same indulgence in other cases, and thus suspend their operation altogether.

3. *Rules of Court—Force and Effect.*—The rules of court, when established, have the force of law. They are obligatory upon the court itself, as well as upon parties, and must be administered according to their terms while they remain in force.

4. *Trial by the Court—Holdings—Exceptions—Questions of Law.*— Where a case is tried by the court below without a jury, and no motion for a new trial made, or propositions of law submitted to or passed upon by the trial court, the Appellate Court can not pass upon questions of law or fact involved in the controversy.

5. *Bill of Exceptions—Statement that it Contains all the Evidence, etc.—Questions of Fact.*—Where, in an action upon a promissory note, the bill of exceptions contained the following statement, viz., "The foregoing was all the evidence introduced, except the note which was in evidence on the trial of the cause," *it was held* to be insufficient, as it showed upon its face that it did not contain material evidence which was introduced upon the trial.

6. *Appeals—Court Can Look Only to the Bill of Exceptions.*—In an

action upon a promissory note, where the judgment is appealed from, and the bill of exceptions does not contain a copy of the note introduced upon the trial, *it was held* that this deficiency in the bill of exceptions can not be supplied by the declaration or the copy of the note attached thereto. The court can look to the bill of exceptions, and to that only, for the evidence.

**Memorandum.**—Action on a promissory note. Appeal from the County Courty of Richland County; the Hon. T. A. FRITCHEY, County Judge, presiding. Heard in this court at the February term, A. D. 1893, and affirmed. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

McCAULEY & ROWLAND and DAILEY & MORRIS, attorneys for appellants.

J. I. MOUTRAY and T. W. HUTCHINSON, attorneys for appellee.

OPINION OF THE COURT, SCOFIELD, J.

The twenty-first rule of this court, which provides for the filing of abstracts, seems to have been disregarded in the present case. For this reason we are under the necessity of affirming the judgment of the court below, under the twenty-sixth rule, which provides that if abstracts are not filed within a certain time the judgment or decree of the lower court shall be affirmed. What is named, or, rather is misnamed, "abstract of record," is no more than a general index, referring to pages three to six of the record for the declaration, to page nine for the plea and to pages thirteen and fourteen for the bill of exceptions. Under numerous decisions of the Appellate Courts, this index can not be regarded as an abstract of the record, and the judgment of the court below must be affirmed on the ground that no proper abstracts have been filed. Lake v. Lower et al., 30 Ill. App. 500; Allison et al. v. Allison, 34 id. 385; Florez v. Brown, 37 id. 270.

We have no right to waive the enforcement of these rules as a matter of favor in any case without granting the same indulgence in other cases, and thus effectually suspend-

Spain v. Thomas.

ing the operation of the rules altogether. The Supreme Court in Lancaster et al. v. The W. & S. W. Ry. Co., 132 Ill. 492, hold that such rules, when established, have the force of law, and are obligatory upon the court itself, as well as upon the parties, and must be administered according to their terms while they remain in force. This being true, our duty in this case does not admit of debate; and yet we have taken the pains to examine the record carefully to ascertain the merits or demerits of this appeal. The case was tried by the court below without a jury and no motion for a new trial was made, neither was any proposition of law submitted to, or passed upon, by the court. The only exception preserved in the record is to the decision of the court in rendering judgment for the appellee. The bill of exceptions contains the following statement: "The foregoing was all the evidence introduced except the note which was in evidence on the trial of this cause." Neither the note nor the substance of it is set forth in the bill of exceptions, nor is the time when the same became due stated either directly or indirectly. The defense was the statute of limitations, but for aught that appears to the contrary, the note may not have become due till the day before the action thereon was commenced, and may have been received as evidence of indebtedness under the common counts. This insufficiency of the bill of exceptions can not be supplied by the declaration or the copy of the note attached thereto. This court can look to the bill of exceptions, and to that only, for the evidence. No proposition of law having been held or refused by the court below, and the bill of exceptions showing upon its face that it does not contain material evidence which was introduced at the trial, there is no question of law or fact properly presented for our determination. The judgment will be affirmed.