WILLIAM THUET, *et al. vs.* ELMER E. STRONG, *et al.*

Opinion filed May 27th, 1898.

#### Appeal—Statement of Case Necessary.

No statement of the case ever having been settled in this action, there cannot be any review in this court of findings of fact, with a view to determine whether such findings are sustained by the evidence.

#### Court Rules—Abstract of Evidence.

Plaintiff's counsel filed in this court a printed volume, labeled "Abstract," which volume embraces more than seventy-five pages of matter which appears to be a mere rescript or translation of stenographic minutes taken at the trial, without an attempt at condensation, as required by a rule of this court.  *Held,* that said volume is not an abstract, within the meaning of rule 13 of the amended rules of this court (74 N. W. Rep. VIII., 6 N. D. xx.)

### Form of Abstract—Object.

> *Held*, further, that the statute and rule of court which respectively regulate and prescribe the form of a statement of the case, and of the abstract thereof, to be filed in this court, are primarily designed to assist this court in sifting out and deciding the issues in causes brought to this court for review.

### Counsel Cannot Waive Statute.

> *Held*, further, that the action of this court with respect to a review of a case cannot be controlled by counsel who, in a given case, see fit to ignore the statute and rules of court governing the settlement of statements of the case and the preparation of abstracts.

Appeal from District Court, Stutsman County; *Fisk*, J.

Action by William Thuet and others against Elmer E. Strong and others. Judgment for plaintiffs, and defendants appeal.

Affirmed.

*Fredus Baldwin*, for appellants.

*S. E. Ellsworth*, for respondents.

WALLIN, J. This action is brought to recover upon a promissory note made payable to the plaintiffs, and executed and delivered to the plaintiffs by the defendants. The action was tried to the court without a jury in the month of July, 1897, and is consequently governed, with respect to its procedure, by section 5630 of the Revised Codes, as amended by chapter 5 of the Session Laws of 1897. The trial court made numerous findings of fact, and, as a conclusion of law thereon, found that a certain sum was due plaintiffs from defendants on said note, and directed that a judgment be entered therefor, whereupon the court entered judgment pursuant to such findings. From said judgment defendants appeal to this court.

An inspection of the record certified to this court by the Clerk of the District Court demonstrates that no statement of the case in this action was ever settled, allowed, or signed by the trial court. Neither does the printed book, labeled "Abstract," filed in this court by the appellants' attorney, embrace a suggestion that a statement was ever settled below. It must follow, in this condition of the record, that there is not, and cannot be, any

specification in the record pointing out wherein any of the findings of fact are not justified by the evidence; nor is there found in the record transmitted to this court any evidence or testimony whatsoever which has been officially certified to by the court below as the evidence or testimony introduced at the trial of the action. The amended statute regulating the procedure recognizes and preserves the provision of section 5630, Revised Codes, requiring the appellant to cause a statement of the case to be settled as prescribed by article 8 of chapter 10, sections 5462–5470, of the Revised Codes. To be available to the appellant for the purpose of reviewing the evidence, such statement must, of course, embody a specification of the questions of fact which the appellant desires the Supreme Court to review. An examination of the findings of fact discloses that the conclusion of law, and the judgment based thereon, are fully justified by the findings. The printed volume, labeled "Abstract," which has been already mentioned, consists of upwards of 75 pages of matter which appears to be a rescript of the stenographer's notes taken at the trial of the action; including all proceedings had at the trial, and embracing questions of counsel addressed to witnesses, the testimony, the rulings of the court, and exceptions thereto. Much of the matter so printed is wholly worthless, and irrelevant to any issue in the case; and no attempt whatever has been made, in printing this volume, to eliminate useless matter, or to condense that which is pertinent by reducing the same to a narrative form. It is obvious that there can properly be no abstract of a statement made in an action in which no statement was ever settled. The former presupposes the existence of the latter. But, aside from this fundamental objection to the printed volume filed in this court in the case at bar, there are other reasons why said volume cannot be considered in this court. When regarded as an abstract, it flagrantly violates both the statute and rule of court which taken together regulate and prescibe the form in which the proceedings had and evidence taken at a trial shall be preserved and presented to this court. Referring to the preparation of a

statement of the case, the statute declares, "Only the substance of the reporter's notes of the evidence shall be stated." Revised Codes, § 5467. With respect to abstracts of the statement of the case, a rule of this court declares, "A stenographic report of the trial if settled and allowed does not constitute a bill of exceptions or a statement of the case within the meaning of the law and will not be so regarded by this court." Rule 13, Amended Rules of the Supreme Court, 6 N. D. xx., 74 N. W. Rep. VIII. The primary object of the court rule which requires the preparation and filing of an abstract in a prescribed form is to aid this court in sifting out the true issues involved in a controvery. Counsel will not be permitted to defeat the purpose of the rule by amicable arrangements between themselves. Counsel have no more right to stipulate that the matter preserved by the stenographer shall not be condensed in the statement or abstract than they have to agree that neither a statement nor an abstract shall be used in a particular case. Serious consequences highly detrimental to public interests would certainly result from such a slipshod practice. In the case at bar counsel for respondents has ignored the fact that neither a statement nor an abstract exists in the record of the case which is presented to this court for its examination. This case therefore affords an opportunity to say that statements and abstracts thereof are chiefly designed to aid this court in the investigation of causes brought before it for review, and that counsel will not be permitted to set aside these valuable provisions at their discretion. This case will be disposed of upon the grounds already stated, but we are glad that we are able to make the further statement that a perusal of the printed volume above referred to has sufficed to satisfy us that the case was properly decided by the trial court.

The judgment will be affirmed. All the judges concurring.