H. D. INMAN *et al.* Plaintiffs in Error, *vs.* LAURA S. MILLER *et al.* Defendants in Error.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

APPEALS AND ERRORS—*party must furnish sufficient abstract of record.* An appellant or plaintiff in error must furnish an abstract of the record which will fully present the errors relied upon and be sufficient for an examination and determination thereof without the necessity of a laborious examination of the record itself by the court of review.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

RAY & DOBBINS, and JOHN L. THOMPSON, for plaintiffs in error.

F. M. GREEN, ABNEY & BURNETT, and W. F. SCOTT, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error sued out to bring in review in this court a decree of the circuit court of Saline county dismissing for want of equity a bill in chancery for the specific performance of a contract for the exchange of lands.

Plaintiffs in error, claiming to be the owners of about two hundred and eighty-three acres of land in Erie county, Pennsylvania, entered into a written contract with defendants in error to exchange the Pennsylvania lands for two hundred and thirty acres of land alleged to belong to defendants in error, located in Saline county, Illinois, and also a lot in Urbana, Illinois, and $1000 in money. The contract provided, *inter alia,* as a part of the consideration of the agreement, that each party was to provide for the use of the other, within thirty days from the date thereof, an abstract of title from the United States government, down to date, to the property by each to be conveyed, showing a good merchantable title in fee simple to the lands to be conveyed in the respective grantors. Defendants in error refused to carry out the contract on their part, and plaintiffs in error, after tendering an abstract of title and a conveyance of the Pennsylvania lands, filed this bill for specific performance. Defendants in error filed an answer to the bill, and rely on three grounds of defense, as follows: First, that plaintiffs in error had not tendered or offered defendants in error an abstract of title in compliance with the contract, and did not have, at the time of the trial, an abstract such as they had agreed to furnish; second, that the contract was procured by false and fraudulent representations by H. D. Inman to Mrs. Miller, the owner of the Illinois real estate, and as to her was not fair and just; third, that the description of the Pennsylvania lands was not sufficiently certain to meet the requirements of the Statute of Frauds. Upon a hearing before the court upon the proofs, oral, documentary and written, together with depositions taken before

the master and other depositions taken in said cause, the court found for plaintiffs in error upon all questions involved, except as to the first contention of defendants in error above stated. Upon this question the finding was against plaintiffs in error, and their bill was accordingly dismissed because plaintiffs in error failed to show, upon the trial, an abstract of title to the Pennsylvania lands such as the contract required.

From the foregoing statement it is apparent that the only question requiring consideration in this case is whether the abstract of title introduced in evidence by plaintiffs in error showed a merchantable title, in fee simple, in plaintiffs in error to the Pennsylvania lands.

In order to show a compliance on their part with the requirement of the contract in relation to furnishing an abstract of title showing a merchantable title in fee in them, the plaintiffs in error introduced a document designated as complainants' "Exhibit A," which is found commencing on page 221 of the record and ending on page 255. This document purports to be an "examination of title to land in Venango township, Erie county, Pa., being part of tract No. 59 south of the Erie and Wattsburg road, bounded and described as follows:" Then follow descriptions of three several and distinct parcels or pieces of land, designated as first, second and third pieces, aggregating about two hundred and four acres. Following this caption, under No. 2, a conveyance is noted from John Field, William Draymond and James Gibson, trustees of the Pennsylvania Population Company, to Robert Bowne, trustee, dated October 31, 1811, recorded September 11, 1833, in deed book F, page 317, consideration $5. This conveyance purports to grant, bargain, sell, etc., all the property of said company in trust for the use of stockholders of said company. Following the above entry in the abstract there are fifteen pages of typewritten matter in the record purporting to abstract twenty-one conveyances relating to the title of these three tracts. This is

followed by eighteen additional pages in the record showing various judgments and other miscellaneous matters of record supposed to have some connection with the title to the lands in question, appended to which are affidavits of George L. Inman and Herbert D. Inman, setting up certain facts tending to show a title by adverse possession in plaintiffs in error.

Plaintiffs in error also introduced in evidence another document, marked "Exhibit B," which is found on pages 256 to 273 of the record. "Exhibit B" purports to be an "examination of title to land in townships of Venango and Amity, county of Erie, Pa., bounded on the north by a public road leading from Wattsburg to Erie and lands owned by Warden Huntley; on the east by lands formerly owned by V. Warren, lands of Warden Huntley, lands formerly owned by D. C. Ensworth, and French creek; on the south. by French creek and land of Mrs. H. E. Ladd; and on the west by land of Mrs. H. E. Ladd and land of the heirs of Charles Inman, containing about seventy-nine acres, be the same more or less." This caption is followed by the same conveyance of the trustees of the Pennsylvania Population Company that is noted above in "Exhibit A." The record shows that "Exhibit B" contains twenty or more conveyances or other items of record which purport to affect the title to the seventy-nine acres described in the caption of this exhibit.

It thus appears that the abstracts of title relied upon by plaintiffs in error occupy fifty pages of typewritten matter. In the abstract of the record furnished by plaintiffs in error there is no attempt to abstract the greater portion of these fifty pages of record. On page 70 of the abstract of record "Exhibit A" purports to be abstracted. There is no description of the property shown in the abstract of the record,—it is simply referred to as being described by metes and bounds. After the caption of the abstract the following note appears: "The records of Erie county, Pa., were de-

stroyed by fire on March 23, 1823." The abstract of the record then proceeds as follows on page 71: "The chain of title begins at entry No. 2 with a record of a re-recorded deed of the trustees of the Pennsylvania Population Company, dated October 31, 1811, conveying all the property of said company, followed by a deed conveying the property in question, dated April 23, 1813, conveying the property in controversy to Richard Hartshorne and Joseph Lindley, the latter deed being also re-recorded." From this conveyance the chain of title to the property in controversy passes in a continuous line to entries 18 and 21, where the same vests in Charles Inman. The abstract of record thus disposes of fifteen pages of the record of the abstract of title in one sentence, by simply informing the court that the chain of conveyances forms a continuous line of title down to Charles Inman. On page 77 the abstract of the record in reference to "Exhibit B" advises us that the "chain of title starts the same as 'Exhibit A' and continues a straight chain of title to Dena Drake, as shown in entries 9, 10 and 12, showing him to receive title on February 3, 1832." Other important matters affecting the title to this property are disposed of in the abstract of the record in a similar manner. For instance, the abstract of record shows the following: "Entry 13 shows probate of will of Dena Drake, deceased, June 11, 1861." "Entry 14 shows will of Dena Drake, deceased, devising real estate in caption to Emily Inman, wife of Charles Inman." There is less than one page of the abstract of record devoted to abstracting the seventeen pages wherein said "Exhibit B" is set out in the record.

Plaintiffs in error have filed an abstract in this case of two hundred and eighty printed pages, in which they have abstracted all of the voluminous evidence bearing upon every question that was involved in the case below except the question as to the abstract of title. Upon this question plaintiffs in error have utterly failed to furnish an abstract which will enable this court to determine the questions involved.

The rules of this court require the party bringing a case to this court to furnish a complete abstract or abridgment of the record,—such an abstract as will fully present every error and exception relied upon and sufficient for the examination and determination of the case without resorting to the written record. In *Staude* v. *Schumacher*, 187 Ill. 187, we quoted from *Gibler* v. *City of Mattoon*, 167 id. 18, as follows: "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome." The rules of this court published in Vol. 204 of our Reports are such reasonable regulations as experience has shown will best facilitate the disposition of the business of the court. Without such rules litigants would constantly be at a loss to know how to proceed and the court would be embarrassed and hindered in disposing of its business. There is no rule of more importance than the one requiring a party to furnish a complete abstract or abridgment of the record, and its strict enforcement is absolutely necessary to enable this court to examine the cases submitted and file opinions therein within any reasonable time after the same have been submitted. Under the rules of this court plaintiffs in error have presented no question which can be determined without a laborious examination of the record. This we will not do. Our time belongs to the consideration of cases wherein the parties have presented them in accordance with our rules. Defendants in error have pointed out a number of unanswerable objections to the abstracts which satisfy us that the decree, upon the merits, is right.

The decree of the Saline county circuit court will be affirmed.

*Decree affirmed.*