## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 11985. *En Banc.* June 3, 1914.]

OLLAR-ROBINSON COMPANY et al., *Respondents*, v.
J. F. O'NEILL et al., *Appellants*.[1]

APPEAL—RECORD—ABSTRACTS—NECESSITY. The provision of 3 Rem. & Bal. Code, § 1730-1, requiring the appellant, at or before the time when he is required by rule or statute to serve his opening brief, to cause to be typewritten and served upon the opposite party an abstract of so much of the record and statement of facts as he deems necessary to the hearing, is a mandatory step in the appeal; and if the abstract is not served within the time limited, the appeal must be dismissed (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for King county, Dykeman, J., entered November 6, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contracts. Appeal dismissed.

*Jno. Mills Day* and *M. E. Brewer*, for appellants.
*John W. Roberts* and *George L. Spirk*, for respondents.

ELLIS, J.—The respondents have moved to dismiss this appeal for the reason that the appellants failed to prepare and serve upon the respondents or counsel for the respondents any abstract of the record at or before the time of serving their opening brief, as provided by Laws of 1913, ch. 116,

[1]Reported in 141 Pac. 194.

p. 349, § 1 (3 Rem. & Bal. Code, § 1730-1).   That section reads as follows:

"The appellant shall, at or before the time when he is required by rule or statute to serve his opening brief, cause to be typewritten and served upon the opposite party an abstract of so much of the record and statement of facts as he may deem necessary to the proper hearing of his assignments of error.   Said abstract, in so far as it sets out testimony, shall be condensed into narrative form, without the questions and answers except when necessary for the discussion of evidence.   It shall be prepared without notice or hearing thereon, and if the opposite party be not satisfied with it, he may cause to be typewritten and served, without notice, either before or at the time of serving his answering brief, so much of the record and statements of facts, condensed as above, as he for his part may deem proper for the correction or supplementing of his opponent's abstract. Each party shall pay the cost of typewriting his abstract, and the prevailing party shall be entitled to recover his disbursements therefor as other costs.   For any abuse in typewriting excessive or unnecessary matter in the abstract, the supreme court, without regard to which party may prevail, may impose the costs thereof upon the party committing such abuse.   The supreme court shall also provide by rule the form of abstracts, the number thereof to be typewritten, and for other particulars thereof, including the time and place of filing the same."

The action was tried to a jury and a verdict returned in favor of the respondents on April 8, 1913.   On April 11, 1913, a motion for a new trial was filed.   On November 6, 1913, the motion for a new trial was denied.   On the same day, judgment was entered in favor of the respondents.   The notice of appeal was served and filed on December 26, 1913. The statement of facts was settled and certified on the 20th day of February, 1914.   The appellants' opening brief was served March 18, 1914.   By a supplemental transcript, sent up for the purposes of this motion, it appears that the appellants' abstract of record was served upon the respond-

ents' attorney on April 14, 1914, almost a month after the service of the appellants' opening brief.

The respondent points out that, by the statute, the abstract is made the primary and essential thing to which this court must refer in considering the appeal, the record and the statement of facts being used only to verify the correctness of the abstract in case of dispute. It is argued that, therefore, the abstract should be stricken and the appeal dismissed in any case in which the statement of facts would be stricken and the appeal dismissed; e. g., for failure to file and serve the proposed statement of facts within thirty days (or by a valid extension on notice within ninety days) from the denial of the motion for a new trial. It is true that it is now the settled practice of this court that, under such circumstances, the statement of facts will be stricken, and where questions for review are questions of fact, the appeal will be dismissed. The statute, Rem. & Bal. Code, § 393 (P. C. 81 § 693), offers no alternative to such a course. That section expressly declares that no extension shall enlarge the time of thirty days for filing and service of the proposed statement of facts "for more than sixty days additional in all." *Howard v. Bussell Land Co.*, 74 Wash. 331, 133 Pac. 596; *Michaelson v. Overmeyer*, 77 Wash. 110, 137 Pac. 332.

On the other hand, it was urged in argument that, since the act of 1913 requires that the abstract shall be served at or before the time when the appellant is required to serve his opening brief, and since the service is only to enable the respondent to refer to the abstract in the preparation of his answering brief, and since this court has held that a motion to dismiss for failure to file briefs in time will be determined by the status of the case at the time the motion is heard (*Spedden v. Sykes*, 51 Wash. 267, 98 Pac. 752), therefore, the motion to dismiss for failure to serve the abstract in time should also be determined by the status of the case when the motion is heard. This states the appellants' position at least as strongly as it was presented in the oral argument, and much more definitely than it is presented in their brief.

Before we would be justified in adopting either of these rules by reason of any supposed analogy, we must find that the analogy actually exists. A mere similarity of the use of the abstract either to that of the statement of facts which it is supposed to simplify, or to that of the appellant's brief with which it is supposed to be served, will not warrant the adoption of either rule. It is incumbent upon us to adopt no rule not reasonably calculated to insure the availability of the abstract at the time and for all of the purposes for which the legislature intended that the abstract should be used, to the end that delay in disposing of cases in this court on appeal may be obviated. To us, it seems that neither of these rules is justified by the purposes for which the abstract is required. Obviously, the primary purpose of the abstract is, as the respondent claims, for the use of this court in arriving at its decision on the merits of the appeal without the waste of time necessary to sift the material from the immaterial in the statement of facts, often long, or in the transcript record, often voluminous. The plain purpose of the abstract is to aid this court in a more speedy disposition of each case, to the end that there be no unnecessary delay in the administration of justice in any case. As ancillary to this purpose, it is, of course, necessary that the abstract be used and referred to by the appellant in the preparation of his own opening brief, and also by the respondent in the preparation of his answering brief. If not so used and appropriately referred to in both briefs, the abstract would be of little use to this court, and would not meet its primary purpose. These are unquestionably the considerations which impelled the legislature to provide, in mandatory terms, that the appellant *shall*, at or before the time when he is required by rule or statute to serve his opening brief, serve also the abstract. Both the language of the act and the purpose of the abstract make it necessary that this provision for service be held mandatory. There may be

honest differences of opinion as to the wisdom or expediency of the statute in requiring any abstract, but there can be none as to its purpose or meaning.

In this connection, it is significant that the legislature has not only used mandatory terms in providing the time of service, but has withheld from this court any power to modify these terms by rule. It has given this court a discretionary power to supplement the statute by rule, but only in expressly specified particulars. The court is permitted by rule to provide for the form, number and other particulars of the abstract, including the time and place of *filing*. There is delegated to us no power or discretion to make any rule as to the time of service. For this court to modify the plain and direct terms of the statute fixing the time of service, either by formal rule or by loose construction, would be a plain usurpation of a power which has been, by necessary implication, withheld in the act itself. It would be a judicial amendment; a wanton invasion of the province of the legislature.

The time of service fixed by the act itself is the only time which will give effect to the purpose of the abstract. If not served either before or at the time of the service of the appellant's brief, it would operate not as an aid to the speedy disposition of appeals, but merely as another fruitful source of delay, since no answering brief which could be of any aid to this court in connection with the abstract can be prepared until the abstract has been served upon the respondent. It is no hardship to require the service not later than the service of the brief, since to be of any use, the abstract must be prepared in advance of the preparation of the appellant's brief and appropriately referred to in the appellant's brief. The time and place of *filing* are things very properly left to this court to provide for by rule, since the filing would be in time to meet every useful purpose if made at any time before the actual hearing in this court. The time of *service*, however, is so obviously and inseparably connected with any useful purpose of the abstract, and it is so demonstrably certain

that, if it be extended beyond the service of the opening brief, it will delay the preparation of the case for hearing in this court, that the legislature has wisely fixed the time of service of the opening brief as the time beyond which the service of the abstract shall not extend.

It is thus manifest that we cannot adopt the rule contended for by the respondent to the effect that, by analogy to the proposed statement of facts, the abstract can in no event be served later than ninety days from the date of final judgment or denial of the motion for a new trial, since the purpose of the service in the two cases is not the same. The analogy is by no means complete. Such a rule would be unnecessarily narrow and arbitrary as applied to abstracts which would be useless to the respondent until the appellant's brief is served, and the time of service of that brief may be extended beyond ninety days by order of the superior court for good cause or by stipulation of the parties. Rem. & Bal. Code, § 1730 (P. C. 81 § 1213). It is significant in this connection that the power to extend the time for serving the abstract is withheld. It can only be extended by securing the extension of time for serving the opening brief.

It is equally manifest that the other rule contended for, to the effect that, by analogy to the rule adopted for the filing of briefs, the motion to dismiss should be determined by the status of the case when the motion is brought on for hearing, is inapplicable. Again the analogy is not present. In the very case in which the rule was definitely announced, *Spedden v. Sykes, supra,* the appellant, prior to the hearing of the motion to dismiss, had secured an extension of time from the superior court for the filing of his briefs under the direct authority of the statute, Rem. & Bal. Code, § 1730 (P. C. 81 § 1213). The briefs in that case so stated. The only question discussed in the briefs was whether the order of extension could be secured after ninety days. It was that status of the case—a status created pursuant to direct statutory authority—which was there held as determinative of the mo-

tion to dismiss for failure to file the briefs in time. No such excusatory status can exist as to failure to serve the abstract at or before the service of the opening brief. There can be no extension as to the abstract without an extension of time for filing the opening brief. The statute relating to the abstract suggests no other means for an extension of time for serving the abstract.

While this court is loath to dismiss any appeal on purely technical grounds, the rule prescribed by statute cannot be held a merely technical rule, since, as we have seen, it is the only rule which can affectuate the plain purpose and the only useful purpose of an abstract. The law is no more technical than any other law which makes for reasonable certainty. For a court which has, for twenty years, adhered to the rule that a statement of facts would be stricken when it is served before filing merely because the statute says the proposed statement shall be "filed and served" to now balk the plain purpose and mandate of the legislature by permitting the service of an abstract after the time prescribed for the service of the brief, on the ground that the rule prescribed by the legislature may be thought technical, would be capricious. Moreover, it would defeat the legislative purpose of the abstract as an aid in hastening the disposition of the appeal. It would sacrifice every legislative purpose to an unwarranted judicial timidity. It would emasculate the statute and invite a new and fruitful source of excuse for pure delay. An imposition of terms would serve no purpose, since an appellant bent on delay might willingly meet the terms in order to secure the delay. We can only enforce the statute so as to meet its plain purpose by holding the service of the abstract before or at the time of the service of the opening brief a mandatory step in the prosecution of an appeal which we have no power either to waive or excuse.

We find no merit in the appellants' claim that it does not appear from the record that the abstract was not served with the brief. The fact does appear by affidavit and is not def-

initely controverted. We can hardly conceive of a case in which such a negative would otherwise appear. It is the duty of an appellant to make the affirmative appear.

The appellants cite the provision of section 1 of rule 7 (71 Wash., p. XLVII) of this court which permits the respondent to prepare and recover costs of a supplemental abstract when made necessary by reason of the fact that the appellant's abstract does not fairly state the record or the evidence. They argue that the spirit of this rule negatives the right of a respondent to a dismissal, even if the appellant fail to serve any abstract or to file one, and that respondent's only remedy would be to supply the defect by preparing an abstract himself. The rule, as we have seen, has nothing to do with service of the abstract. That matter was never referred by the legislature to this court to be provided for or regulated by rule. We were never authorized to make a rule touching service, and if we had made one differing in any material particular from that set out in the statute itself, the rule would be void. Neither the spirit of the statute nor the rule above referred to is capable of any such construction as that contended for. The rule was intended to do no more than to insure the presentation to this court of a fair abstract. Such a construction as that contended for so revolts the natural sense of fairness that we cannot assume that either the legislature, in providing for a supplemental abstract, or this court in providing for the taxing of costs in such a case, ever intended that it should have such an effect.

Nor do we find any merit in the claim that, because the rule of this court allows an appellant to supplement his original abstract without leave at any time before the cause is assigned for argument, excuses the failure to serve an original abstract, prepared in good faith, in compliance with the statute and the rules. The argument that this would permit the filing as an original of the most meager and defective abstract cannot be entertained. The statute was never intended to be treated as a joke. To give the rule in question the effect

claimed would render the statute nugatory and the abstract a useless incumbrance to the record, since the things material to the appeal could not be pointed out in the briefs by a reference to the supplemental abstract.

As showing the purpose of the abstract and the importance which other courts attach to the enforcement of statutes and even rules governing its use, we may be pardoned for a few quotations:

"We have no right to waive the enforcement of these rules as a matter of favor in any case without granting the same indulgence in other cases, and thus effectually suspending the operation of the rules altogether." *Spain v. Thomas*, 49 Ill. App. 249.

"But the legislature of this state has enacted a statute which as interpreted by the supreme court of this state, requires parties appealing to print an abstract of the record, and we are not at liberty to ignore this statute any more than we are any other statutory duty that the legislature had prescribed for our guidance." *Grubbs v. Watkins*, 142 Mo. App. 11, 125 S. W. 214.

"It is with reluctance that we summarily dispose of cases; but when the motion is made by the opposite party, and not only our rules but the statute as well requires that the appellant shall file 'printed abstracts of the entire record,' we have no discretion, but are required to dismiss the appeal. The law as to abstracts is as binding as the law of contracts and must be impartially enforced as a rule of action governing appellate courts." *Webster v. Berry*, 140 Mo. App. 385, 124 S. W. 1078.

"There is no rule of more importance than the one requiring a party to furnish a complete abstract or abridgment of the record, and its strict enforcement is absolutely necessary to enable this court to examine the cases submitted and file opinions therein within any reasonable time after the same have been submitted. Under the rules of this court plaintiffs in error have presented no question which can be determined without a laborious examination of the record. This we will not do. Our time belongs to the consideration of

cases wherein the parties have presented them in accordance with our rules." *Inman v. Miller*, 234 Ill. 356, 84 N. E. 935. See, also, *Thuet v. Strong*, 7 N. D. 565, 75 N. W. 922; *Spencer v. McMaster*, 3 Wyo. 105, 3 Pac. 798; *Whiting v. Big River Lead Co.*, 195 Mo. 509, 92 S. W. 883; *Files v. Tebbs*, 101 Ark. 207, 142 S. W. 159; *Ballard v. Cheney*, 19 Neb. 58, 26 N. W. 587; *Ph Zang Brewing Co. v. Howlett*, 6 Colo. App. 558, 42 Pac. 186.

The rule of service prescribed by the statute is so plain, so easy to follow, so natural to the relation between the briefs and the abstract, and, above all, so essential to any useful purpose which can be conceived of the abstract, that we must enforce it as a mandatory step in the appeal or judicially repeal the law.

The appeal is dismissed.

CROW, C. J., MAIN, MORRIS, PARKER, CHADWICK, MOUNT, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. In my judgment, it places an unnecessary and an unwarranted construction upon the statute relating to abstracts on appeal. It holds the statute mandatory, and in a sense jurisdictional. This means that any material deviation by an appellant from its prescribed terms will work a denial of his right to have his cause heard in this court upon its merits. Since practitioners are prone to err in matters of practice, it requires no prescience to foretell that, if this construction is to be adhered to, the statute will prove a fruitful source for the dismissal of appeals.

I agree with much that is said concerning the purposes of the statute, but I cannot agree with the conclusion that "we can only enforce the statute so as to meet its plain purpose by holding the service of the abstract before or at the time of the service of the opening brief a mandatory step in the prosecution of an appeal which we have no power either to waive or excuse." In the first place, the statute does not so

require, and in the second place it is not, in my opinion, either mandatory or jurisdictional. It is a practice act, an act regulating the procedure after jurisdiction has been acquired, and should be construed as an act to facilitate the hearing of the appeal upon its merits, not as a means of denying the right to such a hearing. I am aware that it is said that the words of the act are mandatory in form. But I think this not conclusive, even if the words bear that construction. A statute so worded may be given a directory meaning when its evident purpose and intent so requires. But this statute contains evidence in itself that it was intended to be directory, rather than mandatory. It contains a section not noticed by the majority. This section provides that nothing in this act contained shall alter in any respect the existing manner of settling and certifying bills of exceptions and statements of fact, and that such bills and statements shall be transferred to this court to be referred to in any controversy concerning the accuracy of the abstract, as well as for reference to exhibits, "and for such other uses as the supreme court may find proper in consideration of all matters on appeal." This last clause, in my judgment, permits this court to consider appeals upon their merits, if it so desires, regardless of the fact whether or not an abstract has been filed or served. This being true, it follows, as of course, that no mandatory or jurisdictional requirement of the statute is violated by failing to file and serve an abstract within the time prescribed therein.

The question is, in my opinion, one of expediency: Will the court, because of a violation of a rule of practice, deny to a litigant the right to be heard upon the merits of his appeal? Looking at the question in this light, it seems to me that the court ought to hesitate long before it adopts a rule so harsh and extreme. It is contrary to the spirit of the practice acts. For the past one hundred years, legislation has been directed towards abolishing technicalities in court procedure,

and to the securing of the hearing of causes upon their merits. Our own code furnishes abundant examples of this fact. By it, all common law forms are abolished and, in lieu thereof, it is enacted that every pleading shall contain a plain and concise statement of the facts constituting the cause of action or the grounds of defense. An entire chapter therein is devoted to the mistakes and amendments. The court is required, in every stage of an action, to disregard any error or defect that does not affect the substantial rights of the adverse party. Even judgments may be relieved against when entered through mistake, inadvertence, surprise or excusable neglect. And the legislature has not confined its admonitions altogether to courts of the first instance. This court, in the statute relating to appeals, has been admonished to allow all amendments in matters of form, curative of defects in the proceedings, to the end that substantial justice be secured to the parties, and has been directed not to dismiss an appeal for defects and mistakes not jurisdictional, if the appellant shall, upon order of the court, perfect the appeal.

Again, it is said that the rule adopted by the majority is no more harsh than the rule adopted by this court with reference to the statute relating to the filing and serving of statements of facts. But I think this rule not sound, and that it should not be followed in a case to which it is strictly applicable, much less in a case where it is only analogously so. The rule referred to was first announced in *Erickson v. Erickson*, 11 Wash. 76, 39 Pac. 241. It was there held, under a statute which merely provided that a proposed statement of fact should be filed and served, that a statement must be stricken if it was served before filing. With all due respect to the judges pronouncing that decision, and to my prior and present associates who have adhered to it, I cannot think the rule has any foundation in reason. Manifestly, the order in which the acts were named in the statute was an accidental circumstance. The purpose was to require both the filing and serving of the proposed statement, and I ven-

ture to assert that it was never dreamed by the draughtsman of the act or the legislators who voted for its passage that the order in which the acts were to be performed was material. The precedents cited from other jurisdictions I shall not comment upon further than to say that I do not find that the liberal rules enjoined by our code prevail in such jurisdictions.

As appears in the majority opinion, the appellant in the case at bar supplied the abstract before the cause was called for hearing. This, in my judgment, evidenced his good faith and should prevent a dismissal of his appeal for want of an abstract. If the briefs do not properly refer to the abstract, and this is a material defect, opportunity should be given for a correction of the briefs. This, it is true, would cause some delay, but time is not the principal consideration in the hearing of an appealed cause. A more important consideration is that the cause be heard upon its merits, and to this end the rules of practice should be directed.

The motion to dismiss should be denied.