[No. 11790.    Department One.    July 22, 1914.]

J. J. CALDWELL, *Respondent*, v. E. C. KLYCE, *Appellant*.[1]

APPEAL AND ERROR—RECORD — ABSTRACT OF EVIDENCE— NECESSITY. 3 Rem. & Bal. Code, § 1730-1, requiring the appellant to file an abstract of the record applies both to actions at law and in equity, and notwithstanding appellant's only assignment of error was the refusal of a nonsuit requiring an examination of all the evidence by the appellate court.

MASTER AND SERVANT—EMPLOYMENT — DISCHARGE — CONDITIONS— QUESTION FOR JURY. A contract of employment providing for its termination for "any good reason," implies that an issue on that subject is to be determined by a court or jury.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 4, 1913, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Appeal dismissed.

*Byers & Byers*, for appellant.

*Edwin H. Flick* and *C. E. Hughes*, for respondent.

CHADWICK, J.—Plaintiff had been in the employ of defendant for about four years prior to November 1st, 1909. On that day, the parties entered into a contract, the material parts of which follow:

"In consideration of the diligence, sobriety and integrity on the part of the party of the second part in the faithful

[1]Reported in 141 Pac. 1042.

performance of the duties of the said party of the second part, said E. C. Klyce & Company, party of the first part, hereby agrees under the following conditions to pay to J. J. Caldwell, party of the second part, ten (10) per cent of the net gain of the said commission business for one year or twelve calendar months ending the thirty-first day of October, nineteen hundred and ten, said percentage to be the salary of the said party of the second part for the aforesaid period of one year, said percentage to be paid at the end of one year from the date hereof except as hereinafter provided. It is further agreed that in the event of the services of the said party of the second part being for any good reason discontinued within a period of six months from the date of this agreement, the party of the first part shall not pay to the party of the second part any of the said percentage, and in the event of the services of the said party of the second part being for any good reason discontinued within the said year and after six months from the date of this agreement, said party of the first part shall then pay to the party of the second part said percentage for only six months from date hereof. . . .

"It is further agreed, that the party of the first part shall pay to the party of the second part, at the end of every month during the period of his services, seventy-five ($75) dollars, this amount to be advanced by the said party of the first part to the party of the second part as a portion of the aforesaid percentage, to be deducted from said percentage at any time a full settlement between the said parties of the said parts shall be made."

Defendant discharged plaintiff in October, 1910. Plaintiff brought this action for an accounting and to recover the balance due him under the contract. Defendant justified, claiming a breach of the contract in that plaintiff had been so addicted to the use of intoxicating liquors that he had not discharged his duties with diligence, sobriety, and integrity. The court found generally, in favor of the plaintiff, that there had been a substantial compliance with the contract, and rendered a judgment for the sum of $903.76, with interest.

Plaintiff moves to dismiss the appeal for the reason that there is no abstract of the testimony. Counsel say in their abstract:

"In view of the fact that the case in this court is tried *de novo*, we do not set forth the evidence, because we are not urging any point by reason of the admission of the evidence, or the refusal to admit evidence, but are urging our motion for a non-suit which will require the examination of all the evidence by the court, and we do not understand that the office of the abstract is to set out the testimony unless some question is raised or objection to its introduction or to the court's refusal to admit evidence offered."

Defendant has entirely misconceived the purpose of the statute. Laws of 1913, ch. 116, p. 349, § 1; 3 Rem. & Bal. Code, § 1730-1. No distinction is there made between actions at law and suits in equity. Notwithstanding some assignments going to the law of the case, the only question in this case is one of fact. The contract itself makes an issue in the event of discharge. Whether plaintiff was discharged for "any good reason" was not to be decided by defendant without a right of hearing. On the contrary, the words imply that the cause, in the event of a difference of opinion, will be inquired into by a court or jury.

This case falls squarely within *Ollar-Robinson Co. v. O'Neill, ante* p. 1, 141 Pac. 194, and an order will be entered dismissing the appeal.

Inasmuch as counsel seem to have honestly mistaken the purpose of the statute, and their failure to abstract the evidence cannot be charged to neglect or an ulterior design, we feel that we should say that we have looked into the record and are satisfied that the findings and judgment of the court are sustained by a preponderance of competent evidence.

Appeal dismissed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.