[No. 11864.  Department One.  August 11, 1914.]

UNION TRUST & SAVINGS BANK, *Trustee etc., Appellant*, v.
BENJAMIN E. AMERY, *Respondent*.[1]

APPEAL—RECORD—ABSTRACT—SUFFICIENCY—DISMISSAL.    An ap-
peal will be dismissed for failure of the abstract of the record to
comply with 3 Rem. & Bal. Code, § 1730-1 *et seq.*, and rule six of the
supreme court, where it contained no part of the record other than
the statement of facts, was not indexed, contained no reference by
page to the statement of facts, and did not follow the form pre-
scribed; and the fact that the appellant filed with its reply brief an
abstract conforming to the statute and rule would not cure defects
in the former abstract.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered September 10, 1913, upon the
verdict of a jury rendered in favor of the defendant, in an
action on contract.   Appeal dismissed.

*F. M. Goodwin, J. B. Campbell,* and *J. D. Campbell,* for
appellant.

*H. M. Stephens,* for respondent.

MAIN, J.—The plaintiff brought this action as trustee in
bankruptcy for the Syphers Machinery Company, a corpora-
tion, for the purpose of recovering from the defendant $5,-
500, alleged to be due upon the purchase price of corporate
stock in the insolvent corporation.   After issues were joined,
the cause was tried to the court and a jury, and resulted in
a verdict for the defendant.   Thereupon judgment was en-
tered upon the verdict.   The plaintiff appeals.

The respondent moves to dismiss the appeal because the
appellant's abstract does not conform to the statutory re-
quirements or to the rules of this court.   The statute (Laws
of 1913, ch. 116, p. 349; 3 Rem. & Bal. Code, § 1730-1 *et
seq.*), requires that the appellant, at or before the time when
he is required by rule or statute to serve his opening brief,

[1]Reported in 142 Pac. 492.

shall serve upon the opposite party an abstract of so much of "the record and statement of facts" as he may deem necessary to a proper hearing of the case upon appeal. Rule 6 of this court requires that the abstract shall be in the same form as the transcript, shall be indexed, shall contain appropriate references by pages to the transcript or statement of facts, and shall be substantially in the form there prescribed.

The abstract served by the appellant with its opening brief contained only so much of the *evidence* as the appellant deemed necessary for the proper hearing of the assignments of error. No part of the record, other than the statement of facts, was embodied in the abstract. It was not indexed. It did not contain references by pages to the statement of facts, and did not follow the form prescribed by the rule. That the abstract did not conform to the statute and the rules of court was recognized by the appellant. When it filed its reply brief, it also filed an abstract of the record which conformed to the statute and the rule. But this would not cure the defects in the former abstract. The first abstract was little if any better than no abstract at all. The case falls squarely within *Ollar-Robinson Co. v. O'Neill*, 80 Wash. 1, 141 Pac. 194, and the recent case of *Caldwell v. Klyce*, 80 Wash. 469, 141 Pac. 1042. An order will be entered dismissing the appeal.

Since the failure to prepare an abstract as required by statute and rule was due to inadvertence rather than design, we may say that we have looked into the record and find nothing therein that would justify a reversal.

Appeal dismissed.

Crow, C. J., Gose, Ellis, and Chadwick, JJ., concur.