[No. 11964.   Department Two.   August 15, 1914.]

WILLIAM C. HODGES *et al.*, *Respondents*, v. ELLA WRIGHT, *Appellant*.[1]

APPEAL—BOND—TIME FOR FILING.   An appeal will not be dismissed on the ground that the appeal bond was not filed in time, where it appears that, after notice given prior to entry of judgment, and the denial of a motion for new trial, a second notice of appeal was served well within the ninety-day limit, and the bond was served and filed within five days thereafter.

APPEAL—RECORD—ABSTRACT—TIME FOR SERVICE—DISMISSAL.   An appeal will be dismissed for failure to serve the abstract of record upon respondents until more than two weeks after service of the appellant's opening brief, and the delay is not excused upon the ground that respondents had proposed amendments to the statement of facts and that the same was not certified until after service of the opening brief; since the statement of facts should have been, in any event, certified long prior to serving the opening brief, and no excuse was offered for the delay (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 14, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a collision between a vehicle and an automobile.   Dismissed.

*Snively & Bounds*, for appellant.

*Holden & Shumate*, for respondents.

MOUNT, J.—The respondents move to dismiss this appeal upon the grounds, first, that the appeal bond was not filed within five days after the notice of appeal was served; and second, that the appellant did not serve upon the respondents an abstract of the record and statement of facts at or before the time of serving the opening brief.

There is no merit in the first ground.   Apparently there were two notices of appeal.   The first was given prior to the

[1]Reported in 142 Pac. 692.

entry of the judgment. After the entry of the judgment, on August 14, 1913, the appellant filed a motion for new trial. This motion was denied on the 16th day of September, 1913. A new notice of appeal was served on the 12th day of November, 1913, well within the ninety-day limit. The bond on appeal was served and filed on November 15, 1913, well within the five-day limit. The notice of appeal and the bond were clearly within time under the statute.

The appeal must be dismissed upon the second ground, under the rule laid down by this court in *Ollar-Robinson Co. v. O'Neill*, 80 Wash. 1, 141 Pac. 194, where we said:

"We can only enforce the statute so as to meet its plain purpose by holding the service of the abstract before or at the time of the service of the opening brief a mandatory step in the prosecution of an appeal which we have no power either to waive or excuse."

The statement of facts was filed and served upon the respondents upon the 14th day of October, 1913. The appellant's opening brief was served upon the respondents on the 6th day of April, 1914. The abstract of the record was not served upon the respondents until the 23d day of April, 1914, or more than two weeks after the service of the appellant's opening brief.

The appellant seeks to excuse the delay in the service of the abstract of the record upon the ground that the respondents had proposed amendments to the statement of facts, and that the statement of facts was not certified until after the service of the appellant's opening brief. We find nothing in the record to indicate that any amendments were offered to the proposed statement of facts. But even if amendments were offered, the statement of facts should have been certified long prior to serving the opening brief. It was certified on the same day or the day following. It was not served until more than two weeks later. No excuse is offered for this delay, even if such excuse were available. Under the rule in the *Ollar-Robinson* case, *supra*, it was the duty of the

appellant to serve the abstract of the record at or before the time of service of the opening brief. This was not done, and for that reason the appeal must be dismissed. It is so ordered.

CROW, C. J., PARKER, and MORRIS, JJ., concur.

FULLERTON, J. (dissenting)—I am compelled to dissent from the disposition of this case made by the majority. Following the case of *Ollar-Robinson Co. v. O'Neill*, the case is dismissed because the abstract of record was not served at or before the time of the service of the opening brief. To hold that the abstract must be served at or before the time of the service of the opening brief, is not in my opinion, a correct interpretation of even the technical words of the statute. The statute does not require an appellant to serve the abstract of record at or before the time of the service of the opening brief, but requires it to be served, to quote its language, "at or before the time when he is required by rule or statute to serve his opening brief." In this case, therefore, even under the strict wording of the statute, the abstract may have been served in time although served some two weeks later than the service of the opening brief. It would seem to follow that inquiry should be made whether the abstract was served at or before the time in which the appellant was required by rule or statute to serve his opening brief, before the case is dismissed.

But my chief complaint is against the principle involved in the rule itself. I cannot conceive that a practice act should receive such a highly technical construction. In the case at bar, the respondent has not been in any way prejudiced, nor has the court been in any way inconvenienced, by the lapse of the appellant, and to deny the appellant to have her cause heard upon the merits because of such lapse, is a punishment grossly disproportionate to the character of the offense.

The motion to dismiss should be denied.