[No. 11988.   Department One.   November 5, 1914.]

H. G. CROWLEY, *Appellant*, v. L. R. BYRNE *et al.*, *Respondents.*[1]

APPEAL—RECORD—ABSTRACT OF EVIDENCE—SUFFICIENCY.   3 Rem. & Bal. Code, § 1730-1, requiring the appellant to serve and file an abstract of the record at the time of filing the opening brief, is not complied with in an equity case in which the statement of facts covers 410 pages, where the portion of the abstract devoted to the testimony covers less than four pages of double space typewritten matter, there were nine assignments of error mostly on questions of fact, and much of the evidence abstracted is a conclusion as to the effect of testimony, rather than a statement of what the testimony was, since the abstract does not present sufficient testimony for a review of the questions of fact.

SAME—RECORD—EFFECT OF SUPPLEMENTAL ABSTRACT OF RECORD—DISMISSAL.   Where the appellant failed to comply with 3 Rem. & Bal. Code, § 1730-1 and the court·rules requiring the filing of an abstract of the record, dismissal of the appeal cannot be evaded by the substitution of a sufficient supplemental abstract filed by the respondent.

Appeal from a judgment of the superior court for Jefferson county, Ralston, J., entered October 14, 1913, dismissing an action to quiet title, after a trial on the merits to the court.   Appeal dismissed.

*Edwin H. Flick* (*R. E. Ellinwood* and *C. E. Hughes*, of counsel), for appellant.

*A. J. Falknor* and *L. R. Byrne*, for respondents.

MAIN, J.—The purpose of this action was to quiet the title to real property.   After the issues were formed, the

[1]Reported in 143 Pac. 873.

cause was tried to the court. A judgment was entered dismissing the action. The plaintiff appeals.

The respondents open their answering brief with a motion to dismiss the appeal because the appellant had failed to file an abstract which satisfied the statute and the court rules. At or prior to the time the appellant served his opening brief, he served and filed an abstract. The portion of this abstract which is devoted to the testimony covers less than four pages of double space typewritten matter. The statement of facts covers 410 pages. There are nine assignments of error in the appellant's brief, most of which present questions of fact. The statement of the case in the brief of the appellant does not refer to the abstract, as required by rule 8, but refers to the statement of facts. Much of the evidence abstracted is the conclusion of the abstracter as to the effect of the witnesses' testimony, rather than a statement as to what the testimony actually was. The abstract does not present sufficient of the testimony for a review of the case, it being an equity case, which is tried here *de novo*, and the questions being largely those of fact, as shown by the assignments of error.

It is true that a supplemental abstract was prepared, served, and filed by the respondents, which properly covers the testimony. This, however, cannot be substituted as the abstract for the appellant. To so hold, would shift the burden of the appeal from the appellant to the respondent. This is not contemplated either by the statute or the rules; and to require the respondents to bear the burden of the appeal in this form would be both unreasonable and unjust. The respondents' motion to dismiss was presented in their brief and was also urged upon oral argument. No reply thereto has been made by the appellant. The abstract presented by the appellant was a compliance neither with the letter nor the spirit of the statute (Laws 1913, ch. 116, p. 349; 3 Rem. & Bal. Code, § 1730-1 *et seq.*) and the court rules. *Ollar-Robinson Co. v. O'Neill*, 80 Wash. 1, 141 Pac. 194; *Caldwell v.*

*Klyce*, 80 Wash. 469, 141 Pac. 1042; *Union Trust & Sav. Bank v. Amery*, 81 Wash. 133, 142 Pac. 492. Upon the authority of those cases, there is no alternative but to dismiss the appeal, and it is so ordered.

Appeal dismissed.

CROW, C. J., CHADWICK, ELLIS, and GOSE, JJ., concur.