## CHAUNCEY B. HEARTT

### *v.*

## GEORGE H. RHODES.

1. PAYMENT—*whether taking note or check is.* In general, unless otherwise specially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated *prima facie* as a conditional payment only, that is, as payment only if it is duly paid at maturity. This rule applies with greater force in the case of taking a check.

2. So, where the holder of an accommodation note accepted from the payee for whose accommodation the same was executed, a check on a bank for the balance due thereon, and surrendered the same, which was then destroyed by tearing off the maker's name, and the check was dishonored for want of funds of the drawer to meet it: *Held,* in the absence of proof to the contrary, that it would be presumed the check was taken as a means to procure the money to pay the note, and not as an absolute payment, and therefore, this would not defeat an action by the holder upon the note so surrendered by him.

3. In such a case the production of the check was in nowise essential to a right of recovery on the surrendered note; and if it were so, the returning of the same with the plaintiff's deposition into court was sufficient, especially when no objection was made on the trial that the check was not cancelled or surrendered.

4. CHECK—*want of presentment and notice of dishonor.* The want of due presentment, or notice of the dishonor of a check upon a bank, does not discharge the drawer, unless he has suffered some loss or injury thereby. In this respect there is a difference between a check and a bill of exchange.

5. INSTRUCTION—*assuming the existence of a fact.* When an instruction assumes the existence of a fact in issue by the pleadings, but which is admitted by the party objecting to the instruction, in his testimony, and there is no evidence contradicting such admission, there will be no material error in giving such instruction.

6. SAME—*must be based on evidence.* Where there is no evidence of a certain fact it is not erroneous to refuse an instruction predicated on the existence of such fact.

7. PROMISSORY NOTE—*when destroyed a recovery may be had though indorsed in blank.* In a suit upon a promissory note which had been surrendered upon the delivery of a check for the sum due thereon, and destroyed by tearing off the maker's name, the defendant asked an instruction that if the note was indorsed so that an action could be maintained by any holder of the same in his name, no recovery could be had without proof of the loss or destruction of the same, which was refused: *Held,* that while the instruction might properly have been given, its refusal afforded no just cause of complaint, the proof showing the destruction of the note.

8. INTEREST—*mode of computation where there is a credit.* In case of a payment upon a note, the correct rule for computing the amount due on the same is to calculate the interest on the note to the time of payment, and the payment first applied on the interest and the balance on the principal, and then calculate the interest on the balance of the principal. To calculate interest on the whole to the day of trial and add the same to the principal, and then deduct from this the payment, with the same interest thereon to the trial, is not the proper mode of computation.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. STORY & KING, for the appellant.

Mr. O. B. SANSUM, and Mr. JAMES LEDDY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit by Rhodes, the plaintiff below, against Heartt, upon an accommodation note made by the latter to John H. Dickson, on the 22d of August, 1870, for the sum of $380, payable five months after date, with interest at the rate of ten per cent per annum. Dickson indorsed the note to one Foster for $380. About January 12, 1871, Foster indorsed the note to plaintiff, who gave to Foster for it plaintiff's own promissory note for $400, payable January 25, 1872. February 7, 1871, Dickson paid $200 to plaintiff on account of the note.

April 3, 1871, plaintiff delivered up the note to Dickson, who gave the former his (Dickson's) check on the National Bank of Commerce for $201.72, the balance then due upon the note.

Within two or three days afterward the check was presented at the bank, and payment refused for want of funds of Dickson wherewith to pay it.

At the time of giving the check, Dickson had only $23.40 in the bank, and at no time afterward had there to exceed $75.

The plaintiff recovered, and defendant has appealed. Various reasons are urged for the reversal of the judgment.

Objection is made that a recovery by the plaintiff was permitted, while he retained the check of Dickson, upon which he may collect the amount a second time.

We do not consider such to be the fact. The check was produced in court, and there left, where it has since remained among the files of the court. The plaintiff's deposition was taken in the case, to which he annexed the check, which was returned into court with the deposition, and remains there as a part of it.

The production of the check was in nowise essential to the making out of the plaintiff's case, and we may consider that it was annexed to, and returned with, the deposition, for the purpose of being surrendered or cancelled.

23—66TH ILL.

It, to be sure, was not formally cancelled, but we must regard it as virtually so.

It is neither in the plaintiff's possession nor power, but in the custody of the court, and can not be withdrawn by the plaintiff, unless by leave of the court., Such leave should not be granted; and it is to be presumed the court will not permit plaintiff to withdraw the check.

No intimation of such an objection to a recovery was made in the court below. Had there been, it would doubtless have been removed at once, by formally surrendering or cancelling the check.

A general objection is made of the admission of improper evidence, without insisting upon or pointing out any particular evidence as being improperly admitted. We fail to discover, from the record, any essential error in this respect.

It is insisted there was error in giving these instructions for plaintiff, viz:

" The court instructs the jury that the burden of proof is upon the defendant to prove, by evidence preponderating in his favor, that the money mentioned in the promissory note in suit has been paid to plaintiff.

" The jury are instructed that the fact that Foster did not present the check in question to the bank for payment until two or three days had elapsed after it was drawn, can not affect the plaintiff's right to recover, if the jury shall believe from the evidence, that Dickson, the drawer of the check, had not sufficient funds in bank to meet the check."

The want of due presentment, or notice of the dishonor of a check, does not discharge the drawer unless he has suffered some loss or injury thereby. This is one point of difference between a check and a bill of exchange. Story on Prom. Notes, sec. 492. There is no pretence of any such loss or injury in this case.

But the more especial objection which is urged against the instructions is, that they excluded from the jury the question

of the execution of the note, and assumed the existence of that disputed fact. There was a plea in, denying the execution of the note, verified by affidavit.

But the defendant's own testimony amounted to an admission of the execution of the note. In giving his testimony he said, " I signed a note like one spoken of here." There was other evidence of his implied admission of the execution of the note, arising from his statements in reference to it, on being applied to for payment. There was no contrary evidence whatever, as to the execution of the note. In view of the defendant's own admission on the subject in his testimony, there can hardly be said to have been any disputed fact as to the execution of the note. So that we must consider there was no material error in this respect in the giving of the instructions.

It is also insisted that the court erred in refusing to give these instructions for the defendant, viz:

" The jury are instructed that if they believe, from the evidence, that the defendant made his note, as set forth in the declaration, but for the sole accommodation of the payee, Dickson, and that the plaintiff knew this before he took the note; and if you further believe, from the evidence, that the payee, Dickson, paid a portion of the note, and afterwards gave his check on a bank, payable to the plaintiff, for the balance of the note, and that the plaintiff took the check of said Dickson in payment of the note and surrendered the note to be cancelled, then the receipt of the check and surrender of the note was a voluntary cancelling of the note, and there can be no recovery thereon.

" The jury are instructed that in an action on a promissory note which is not produced, if the note is alleged to have been lost, and if the note was endorsed when it is alleged to have been lost, so that the note was actionable in the hands of any holder, then there can be no recovery on said note without proof of the note being lost or destroyed. So in this case, if

you believe that the note in evidence was endorsed by the payee, then, the note not being produced, must be shown to your satisfaction that the note is actually lost or destroyed before there can be any recovery on such note."

As to the first of these instructions there was no evidence that the check was taken as an absolute payment of the note. To make it such, there must have been a special agreement to that effect. The rule, in this respect, is thus laid down by Story: "In general, by our law, unless otherwise specially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated *prima facie* as a conditional payment only, that is, as payment only if it is duly paid at maturity." Story on Prom. Notes, sec. 104. The rule should apply with even greater force in the case of the taking of a check. Not only was there here the absence of any evidence of such an agreement, but there was the positive testimony of the plaintiff, that there was no agreement made by him to accept the check in payment of the note. A check is always supposed to be drawn upon a previous deposit of funds. The note was surrendered up, on receiving the check, on the supposition, doubtless, that the latter was honestly drawn, and would be paid on presentation. The check, it is to be presumed, was taken but as the means whereby to procure the money for payment of the note.

The drawing the check without having funds to meet it, and having no right to expect payment of it, was a fraud and imposition upon the payee. We think the refusal of this first instruction may be justified upon the ground of the want of any evidence upon which to base it, that the plaintiff took the check in payment of the note.

As to the second refused instruction, the action was not upon a lost, but upon a destroyed note. The testimony was clear, that after the note was surrendered up to Dickson, he tore off from it the signature of Heartt, the maker of the note. This amounted to the destruction of the note. There

being no contrary evidence on this point, we perceive no just cause of complaint in the refusal of this instruction as working any injury to the defendant, although it might properly enough have been given.

It is claimed the damages are excessive to the amount of $1.24.

The result of this supposed excess is arrived at by an erroneous mode of computation, viz: by calculating the interest on the entire principal of the note from its date to the time of the verdict, (February 8, 1872,) and calculating ten per cent interest on the payment of $200, on the note from the time the payment was made to the time of the verdict, and then deducting the amount of the payment and the interest on it, from the amount of the whole principal of the note and the interest upon it: whereas, the correct rule, as recognized by this court in *McFadden* v. *Fortier*, 20 Ill. 509, was, to calculate the interest on the note to the time of the payment. This interest should have been first satisfied out of the payment, and the balance of the payment applied to diminish the principal. Under this method of computation, the judgment is found to be a fraction of a dollar less than the amount due.

Finally it is insisted that the judgment varies from, and is in excess of the verdict.

We find this to be so, to the extent of four cents. Were it important, a *remittitur* might be entered under section 81 of the Practice Act of February 22, 1872. But the difference is so trivial, that it is not worthy of further attention.

Perceiving no substantial error in the record the judgment must be affirmed.

*Judgment affirmed.*