Spencer v. McMaster.

SPENCER *et al.* v. McMASTER.

(March 8, 1884.)

APPEAL—REQUISITES—FILING ABSTRACTS—RULES OF COURT—STIPULATIONS OF COUNSEL.

1. Under rule 12 of the supreme court, which provides that "appellant or plaintiff in error shall deliver to the clerk of the court 14 printed copies of an abstract of so much of the record as is necessary," etc., a suit in chancery will be dismissed for failure to file an abstract.

2. Rule 6 of the supreme court provides that, where actions are dismissed in the district court by reason of a demurrer to plaintiff's "petition" being sustained, it shall be sufficient, in order to carry the case up, to file a certified copy of the record with the proofs. *Held,* that the rule did not dispense with the necessity of filing abstracts in suits in chancery, since such suits are commenced by bills of complaint, and not by petitions.

3. The supreme court will not recognize an agreement of counsel to dispense with a compliance with one of the rules of the court.[1]

4. An agreement of counsel will not be recognized, unless on a stipulation in writing.

Appeal from district court.

*Baird, Campbell & Peck*, for appellants. *Corlett & Rosendale*, for appellee.

SENER, C. J. On the tenth day of January, A. D. 1884, at this term of the court, as the court was proceeding to hear this case upon its merits, the fact was made to appear that no abstract of the case, as required by rule 12 of this court, had been printed. Rule 12 reads: "No case will hereafter be heard by this court until the appellant or plaintiff in error shall deliver to the clerk of the court fourteen printed copies of an abstract of so much of the record as is necessary," etc. Thereupon, after consideration, the court ordered this cause dismissed from the docket because of the failure of the counsel for the appellants to comply with rule 12 of this court. On January 11, 1884, the appellants, by counsel, filed a motion to reinstate the cause, and supported it by the affidavits of J. C. Baird, A. W. Campbell, and William W. Peck and the appellee by counsel

filed a counter-affidavit, that of W. W. Corlett, and the application for reinstatement and rehearing has been argued.

The appellants undertake to excuse their failure to file the printed abstract, as required by rule 12, on two grounds: *First,* that one of the counsel supposed no abstract necessary under rule 6, which provides that where actions are dismissed in the district court, by reason of a demurrer to plaintiff's petition being sustained, it shall be sufficient to carry the case up by filing a certified copy of the record with the proofs. A law proceeding is begun by a petition; a chancery action, by a bill of complaint; so, of course, that rule has nothing to do with dispensing with the abstract in a chancery case.

Another excuse offered by counsel for appellants is that counsel for appellants and appellee had an understanding or agreement which was to dispense with the necessity of an abstract, and yet counsel for appellants, while seeking to excuse themselves for the lack of an abstract in their brief as presented, refer to an appeal book (it was an appeal or error book before the abstract was substituted by the rule) five times in print, and then erase it with their pen, and in writing put on their brief in these places where the words "appeal book" occur, "record." No appeal book was printed separately from the briefs.

The answer to the excuse that the appellants and the appellee had an understanding or agreement which was to dispense with the necessity of a printed abstract, is threefold: *First,* to use the words of Mr. Justice BLAIR, who participated in the conference in this cause and has left with the other judges his views in writing, "the court cannot recognize any agreement made by counsel to change the rule of court, and in no case will any agreement of counsel be recognized in this court except upon a stipulation in writing." Again, says Mr. Justice BLAIR, "to grant this motion the court would have to stultify itself, and reverse its decision in Halleck v. Bresnahen, ante, 73, 2 Pac. Rep. 537, 538, (rendered at the last term of this court,) wherein the court say, Mr. Justice PARKS delivering the opinion:

"In this case the defendant in error filed his motion to dismiss the writ of error, and supported it by a number of points, arguments, and authorities. The third point made and insisted on is that the

---

[1] See note at end of case.

Spencer v. McMaster.

plaintiff in error did not file with the clerk of this court printed abstracts of the record at the time, in the manner, and in the form required by law. The statute of this territory provides that the rules of practice of this court shall be as binding upon the several courts, and the parties practicing and having business therein, as though the same were enactments of the legislative authority of this territory. One of the rules of this court requires that the plaintiff in error shall deliver to the clerk 14 printed copies of an abstract of so much of the record as is necessary for a full understanding of all the questions presented to this court for decision; 'and if the defendant in error shall deem the abstract of the appellant or plaintiff in error imperfect, he may, within twenty days after the delivery of said copies to the clerk, deliver to the latter 14 printed copies of such further or additional abstracts as he shall deem necessary to a full understanding of the questions presented to this court for decision.'

"The abstract here made imperative is not the transcript, which is a full copy of the record, but an epitome, abridgment, or compendium, in which is condensed the substance of the record, so as to enable the court, in language of a learned judge, 'to extract the controversy in the case from the mass of matter unconnected with it, without performing hours of labor which ought to have been done by the counsel for appellant, under the rule which is so reasonable in itself, and so necessary and, indeed, indispensable to the progress of the court in the discharge of its duty.' * * *

"The supreme courts of Indiana, Illinois, Missouri, California, and other states often dismiss cases for similar violations of their rules. In the Buckley Cases, in 60 Ill. 252, 253, the court say, among other things: 'Appellant in each case has failed to prepare and file an abstract of the record, but there has been filed in each a case a printed index to the transcript. We presume the attorney was aware of the rules of the court, and has intentionally disregarded them. As the cases have not been prepared as required by the rule, we decline to consider them, and affirm the judgments.' And so we should be obliged to dispose of this case, had it not been continued with the express understanding that it should be heard and decided upon its merits."

Counsel for appellants were very earnest in their arguments that a liberal rule should be applied to this matter, and that a reinstatement might be had, and they be allowed to print an abstract. This cause was disposed of in the district court on the fourteenth day of September, 1882. Notice of appeal was not filed until the thirteenth day of October, 1882, the last day it could have been filed, and the printed briefs were not presented until after this term began. To do what counsel wish would be to grant them a further postponement, in the face of the fact that they have not complied with the rule as to printed abstracts; that rule prescribing the time within which they are to be printed to be within seven months after filing the notice of appeal. To sanction a practice so loose as is urged in this cause cannot be done consistently with equity or justice.

The motion to reinstate is unanimously denied. The decree of the court of original jurisdiction must be enforced.

All the judges concurring.

### NOTE.

#### RULES OF COURT.

The rules of practice of the supreme court are, by statute, made as binding upon the different courts and parties practicing therein as if they were legislative enactments. Halleck v. Bresnahen, (Wyo.) 2 Pac. Rep. 537.

The rules of courts are made under special statutory authority, and when made have the force and effect of statutes. People v. Nichols, 18 Hun, 535.

A rule of court which deprives a party of a statutory right is void. People v. McClellan, 31 Cal. 101.

A party cannot, by a rule of court, be deprived of a statutory right. Wescoatt v. Eccles, (Utah,) 2 Pac. Rep. 525.

Rules of practice not unreasonable in themselves, and not subversive of the rights of litigants, may be prescribed by the trial court. Nutter v. Houston, 42 Mo. App. 363.

The appellate court will not presume what are the rules of the court below when they are not in the record. Warden v. Mendocino Co., 32 Cal. 655.

A court may by rule arrange the business of the term to suit its convenience, and designate certain days or periods in which different kinds of business shall be transacted. An act conferring the right to present a petition for a review during the whole of the term succeeding the report of the viewers, and the first week of the next term, does not give the right to present such petition, except at the time set apart under the rules of court for the transaction of such busi-

ness. In re Road in McCandless Tp., (Pa. Sup.) 1 Atl. Rep. 594.

The power of the supreme court to prescribe rules for the lower courts is conferred by Code, § 961, and, there being no statute in conflict with a rule providing that appeals from justices of the peace in civil actions will not be tried unless docketed 10 days before the term, it has the force and effect of a statute. State v. Edwards, (N. C.) 14 S. E. Rep. 741.

A rule of court, however expressed by the court, or understood by the parties, cannot enlarge or affect the provisions of a statute limiting the jurisdiction of the court. The Hiram, 23 Ct. Cl. 431.

The construction of its own rules is peculiarly within the discretion of the court below, and its rulings thereon can only be reversed for manifest and material error. Bair v. Hubartt, (Pa. Sup.) 21 Atl. Rep. 210.

Unless it clearly appears that the rules of the court below have been violated, the construction put upon them by that court will not be reviewed. Nevin v. Morrison, (Pa. Sup.) 18 Atl. Rep. 636.

A rule of the trial court established for the promotion of the justice may, in the discretion of the court, and to meet the ends of justice, be set aside. Chielovich v. Krauss, (Cal.) 9 Pac. Rep. 945.

Rules of court are but a means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules, whenever the purposes of justice require it. People v. Williams, 32 Cal. 280; Pickett v. Wallace, 54 Cal. 147; Symons v. Bunnell, (Cal.) 20 Pac. Rep. 859.

The court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed. Hanson v. McCue, 43 Cal. 178.

Parties have no unqualified right to stipulate for the abrogation of rules prescribed by this court. Reynolds v. Lawrence, 15 Cal. 359.

Subdivision 3, rule 4, relating to the admission of attorneys and counselors, requiring proof that the applicant had, within three months after commencing his clerkship, passed the regents' examination, is mandatory, and an application for exemption from its requirements will be denied. In re Moore, (N. Y. App.) 15 N. E. Rep. 369.

Acts 21st Gen. Assem. c. 134, changing the division of the state into judicial districts, and authorizing a convention of judges of the state to form rules of practice, does not repeal rules adopted under Code, § 180, authorizing certain rules to be made, nor abolish the common-law power of courts to make rules; and, until such new rules are made, the old rules remain in force in the district court for a county which is under said chapter placed in a district with the same counties as before, but having a different number. Shane v. McNeil, (Iowa,) 41 N. W. Rep. 166.

Neither parties nor their attorneys are chargeable with negligence in assuming that rules of court regulating practice will be observed and enforced. Railroad Co. v. O'Neill, 25 Ill. App. 313.