[No. 4975.]

FINLEY ET AL. v. THE CACHE LA POUDRE
IRRIGATION COMPANY ET AL.

Appropriation — Purpose of Not to be Changed — A mutual ditch company appropriated water for immediate irrigation, and had been awarded a priority. A stockholder, accustomed to impound his share in a natural depression, upon or near to his lateral ditch, and there detain it temporarily in order to accumulate a head, is not entitled to an award of a priority in respect to such temporary reservoir. His appropriation being for immediate irrigation, is not to be converted into one for storage.

*Appeal from Larimer District Court.*
*Hon. Christian A. Bennett, Judge.*

Mr. L. R. RHODES, for appellants.

Mr. H. N. HAYNES, Mr. JAMES W. McCREERY, Mr. C. D. TODD, and Messrs. LEFTWICH & CROSE, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from a decree whereby was established the relative priorities of reservoirs for storing water in water district No. 3. Appellees call our attention to the fact that compliance was not had by appellants with the provisions of the statute governing appeals in such cases.—Sections 2427 to 2432, Mills' Ann. Stats.

The abstract filed by appellants does not show that the statute was observed, and we are unable from any other source to find that it was; but if in

fact it was followed, the rules of this court relating to the contents of the printed abstract of the record are disregarded. Indeed, if we rely solely on this abstract, by which appellants are bound and beyond which we are not, at their instance, obliged to go in investigating the errors which they argue, we might summarily dismiss the appeal, because our rules are ignored. From the supplemental abstract of record filed by appellee, some additional light is furnished; but neither of these documents, nor both combined, clearly or satisfactorily present the main questions which have been argued by counsel in their briefs. If, however, we overlook the defects noted and go to the merits, we find no reason for correcting the decree as appellants ask.

As we gather from the record before us, imperfect and indefinite though it is, it seems that appellants are stockholders in mutual ditch companies which have made appropriations of water from natural streams for immediate irrigation and, in appropriate proceedings, have obtained decrees therefor. On or near the lateral ditches of appellants are natural depressions into which, when water has been turned by the water commissioner into the main canal during the irrigating season, they have heretofore been accustomed at times to impound their *pro rata* share in order to collect a sufficient head, or there to store temporarily water to be used a few days later in irrigating their lands. In this statutory proceeding, the object of which was to adjudicate the relative rights of the various reservoirs for storing water at times when the same was not needed at once for irrigation, appellants, solely in virtue of their rights as stockholders in these ditch companies, seek to obtain priorities for their reservoirs as against other reservoirs which have made appropriations for storage purposes entirely distinct and separate from

appropriations for irrigation, and to fill such reservoirs with the ditch water when it is turned out to them for irrigation in the summer season.   In other words, appellants seek to convert their appropriation for immediate irrigation into one for storage purposes, and to get for the latter a priority which belongs to them only for the former purpose.

The trial court evidently concluded from the evidence that appellants had not established the status essential to be shown by one who seeks a reservoir priority.   In the absence of a showing to the contrary, we must assume that the evidence supports these findings, and we are not shown wherein the proof is lacking in this respect.   Following the established practice, we cannot interfere with the decree below.   It is accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.

Petition for rehearing denied.