MINNIE A. WERTH et al. v. WILLIAM F. FRYE et al.; HENRY B. SEAMAN, Appellant.

**Division One, June 2, 1914.**

APPEAL: Lost Petition. Where the original petition filed in a case has been lost, it is the duty of appellant to make timely application for leave to file a substituted petition, or at least to have abstracted the petition; and if neither is done, the appeal must be dismissed.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

Dismissed.

*H. Chouteau Dyer* for appellants.

*J. W. Chilton* and *S. L. Clark* for respondents.

WOODSON, P. J.—This cause was submitted to this court upon what purports to be the abstract of the record and brief of appellants, and taken as submitted by respondents, they filing neither.

The second paragraph of the statement of the abstract of the record reads as follows:

"The original files in this case seem to have been lost and, never having been served with a copy of the petition, this appellant, Henry B. Seaman, is unable to set out in this abstract a verbatim copy of the petition but, no point having been made on the pleadings, it will be sufficient for the determination of this case to state that the petition was in the usual form, alleging, in substance, that the plaintiffs are the owners in fee-simple and claim title to the following described real estate situated in Shannon County, State of Missouri, to-wit:"

Then follows the description, the conventional allegations under old section 650, and the usual prayer.

The rules of this court require that the appellant make a true abstract of the record proper and of the bill of exceptions filed in the case. This so-called abstract of the record is a most flagrant violation of those rules. The petition, which is the foundation of all litigation, both in law and at equity, in this case has not been abstracted, but confessedly it is lost or destroyed, which I take as the reason why counsel has not abstracted it; but that is no valid excuse why it should not have been abstracted. If counsel desired this court to review the ruling of the trial court, he should, upon the discovery of the loss or destruction of the petition, have made timely application to the court for leave to file a substitute petition under the well-known rules of practice and procedure in this State. Having failed to pursue that practice, and not having abstracted the petition upon which all of the record proper and the bill of exceptions filed in the cause rest, we must, as a matter of necessity, rule that there is no case proper here; and therefore are powerless to pass upon the case.

Upon this state of the record there remains nothing for this court to do except to dismiss the cause for failure to comply with the rules.

It is so ordered. All concur.