BURR STROMAN, APPELLEE, V. ATLAS REFINING CORPORATION
ET AL., APPELLANTS.

FILED MAY 26, 1924. No. 22783.

1. **Action:** ACTIONS FOR DECEIT: ASSIGNABILITY. A cause of action based upon deceit and misrepresentation survives in this state, and is therefore assignable.

2. **Evidence:** FRAUD: ESTOPPEL. In an order for the purchase of stock, a written provision that "No conditions or agreements either verbal or written, or other than those printed herein, shall be binding upon the corporation. This contract is signed with full knowledge of the plans of organization of the corporation" —does not estop the purchaser from establishing that false and fraudulent representations were made in order to induce such purchase.

3. **Corporations:** SALE OF STOCK: FRAUD. Where the directors of a corporation were also the promoters thereof, and were active in its organization and promotion, were fully informed as to its assets and property, and either made false and fraudulent representations themselves or were cognizant of false representations made by their agents, they, as well as the corporation, are chargeable with fraud.

4. ————: PROMOTERS: FRAUD. Promoters stand in a fiduciary relation to subscribers for stock and to those whom it is expected will purchase stock from the corporation. It is their duty to act in good faith with such intending purchasers, and they may not, either by themselves or by agents, fraudulently misrepresent the actual facts as to assets and property of the corporation.

5. **Appeal:** REVIEW. It is the duty of counsel to point out specifically alleged errors, and unless the briefs indicate at what page of the bill of exceptions these may be found the court will not search for nor consider them.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Fawcett & Mockett* and *T. S. Allen,* for appellants.

*Hastings & Coufal* and *John S. Bishop, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., BLACKLEDGE and REDICK, District Judges.

LETTON, J.

The plaintiff, for himself and as trustee for 41 others

whose respective claims had been assigned to him, brought this action to recover damages alleged to have been sustained by reason of false and fraudulent representations made to each of them to induce the purchase of shares of stock in the Atlas Refining Corporation, defendant. The other defendants were joined as directors and promoters, and as actively engaged in the conduct of the affairs of the corporation.

It is alleged that the stock was issued to each of the office-holding defendants without consideration; that each of them, in order to induce the purchase of stock, made a large number of false and fraudulent representations set forth in the petition; that, relying on these false representations, plaintiff and his assignors purchased the stock at the rate of $100 a share; and that the stock was, and is, worthless. Defendants, though answering separately, set up substantially the same defenses. They are: That the petition does note state sufficient facts to constitute an action; that there is a misjoinder of parties and causes of action; that the contracts contained a clause, "No conditions or agreements either verbal or written, or other than those printed herein, shall be binding upon the corporation. This contract is signed with full knowledge of the plans of organization of the corporation"—and plaintiffs are therefore estopped to claim fraud; that there was not authority in the sellers of stock to make any contract with reference to the same other than that printed. The answers also contained a general denial. Judgment was rendered in favor of plaintiff for only a part of the damages claimed, the court having instructed the jury that there was no proof of false and fraudulent representations as to a number of plaintiff's assignors.

The errors assigned are in substance as follows: (1) That several actions in tort cannot be joined and suit brought in the name of an assignee, and therefore that there is a misjoinder of parties. The general rule is that, if a cause of action in tort survives, it may be assigned. A cause of action such as this survives in this state, and is therefore

assignable. *Forbes v. City of Omaha,* 79 Neb. 6; 5 C. J. 888, sec. 54, 889 sec. 55.

(2)   That the verdict is contrary to the evidence, and that there was no evidence as to the value of the stock.   It is impracticable within the proper limits of this opinion to relate all the facts in evidence with reference to the promotion, and as to the affairs of the corporation and the method in which the sale of stock was carried on.   But it is clear that most of the tangible assets of the company about which the representations were made possessed no actual value unless and until paid for.   There is evidence that the title to property of considerable value, which was represented to be in the corporation, was in fact in the names of other persons, and the corporation had nothing but a mere contract or option to buy the same, which it had never exercised and could not exercise if it would.   In fact the estimates and representations made by the salesmen were largely based upon hope and faith and were tinted with the roseate hues of imagination.   The evidence establishes actionable fraudulent misrepresentations.

It is said that, where the contract provides that the company will not be bound by statements of an agent, but only by the written provisions of the contract, a corporation or its officers are not bound by representations outside of those contained in the written order, and that the written agreement heretofore set forth was sufficient to release the corporation from liability for any promises or representations outside of those contained in the writing.   But the written limitation is not against representations, but merely against "conditions or agreements," and knowledge of the "plans of organization" does not include knowledge of all its assets. There is no contention in this case that the agents made any "conditions or agreements" inconsistent with the written order.   Even if this clause be given the fullest force, it cannot apply to the facts in this case, nor limit the liability of the corporation for false and fraudulent representations made by its agents.   As pointed out in *Schuster v. North American Hotel Co.,* 106 Neb. 679, in order to ac-

complish a sale, the stock-selling agent must perforce make some representations in respect to that which he is selling, and as to these he may bind his principals even though there is a provision in the contract (not found in the present case) that "No conditions, agreements or representations, other than those printed above, shall bind the said company."

(3) That the court erred in holding that a director of a corporation is liable for such false representations where the director did not know of, approve or ratify the action of the agent. The evidence establishes that the defendants served, other than the corporation itself, were active in the promotion and organization of the corporation and knew of the manner in which its stock was being sold. Defendant Bevard actively participated in the sale of stock. Defendant Armstrong, among other things, prepared for circulation a flamboyant letter with respect to the assets of the corporation used by agents in the sale of stock. It is shown that a number of purchasers relied largely upon the Armstrong letter, knowing that Mr. Armstrong was the president of the Armstrong Clothing Company, a reputable corporation doing business in Lincoln. Defendant Thompson knew the state bureau of securities had refused permission to the company to sell stock in this state on account of the unsatisfactory condition of its property, and although he knew the agent selling stock had no permit, he made no effort to stop the sale, to correct or stop the misrepresentations, or to return any of the funds received for such illegal sales. He knew that if the actual facts had been fully stated to intending purchasers no man of ordinary common sense would buy.

(4) It is asserted that it was essential, in order to find the officers of the corporation liable, that they must have entered into a conspiracy to sell this stock, and that, since the court instructed the jury that there was no proof of conspiracy, the verdict cannot stand. The purpose of the stock-selling campaign was to procure money for the benefit of defendants. Each of these defendants assisted either ac-

tively or tacitly in accomplishing this purpose. They were promoters as well as directors, and, under the law, are held to the exercise of good faith. Promoters stand in a fiduciary relation to subscribers for stock and to those whom it is expected will purchase stock from the corporation. It was the duty of each of these promoters to see that the stock-selling agencies acting for them were acting in good faith and were not fraudulently misrepresenting the property and assets of the corporation; and it was further their duty to see that the money procured by the sale of stock was in good faith devoted to the purposes for which the corporation was organized. *Torrey v. Toledo Portland Cement Co.*, 158 Mich. 348; *Hinkley v. Sac Oil & Pipe Line Co.*, 132 Ia. 396; *Yeiser v. United States Board & Paper Co.*, 107 Fed. 340; *Camden Land Co. v. Lewis*, 101 Me. 78; *Mangold v. Adrian Irrigation Co.*, 60 Wash. 286; *Moore v. Warrior Coal & Land Co.*, 178 Ala. 234; 14 C. J. p. 253, secs. 285, 286, p. 267, sec. 309, and notes.

It is next assigned that the court erred in refusing to give instructions Nos. 1, 2, 3, 4, and 10, requested by defendants, and that the verdict is contrary to instruction No. 9, given by the court. There is no argument made to support this assignment, except with respect to instruction No. 10. The court upon its own motion instructed the jury in substance that the officers of a corporation are not originally personally bound by the contracts of the corporation or by its frauds, but they may be bound if they have knowledge of the fact that fraud is being practiced, and if they assent to the same and approve it; and, further, that they should not find against the officers of the corporation, naming them, "unless you find by a preponderance of the evidence that they actually knew and approved and ratified the actions of the agents of the corporation in selling its stock, and that said action was fraudulent and acted as an inducement for its purchase." Instruction No. 10, requested by defendants, is in conflict with this and was properly refused. The rights of the defendants were fully protected.

Several cross-assignments of error have been made in behalf of the plaintiffs, but the brief to sustain the crossappeal does not comply with the rules of court with respect to particularity in pointing out the pages of the bill of exceptions where the alleged errors may be found, and the court will not search through the 600-page record to look for them.

The judgment of the district court is

AFFIRMED.

Note—See Appeal and Error, 3 C. J. p. 1409, sec. 1586; Assignments, 5 C. J. p. 891, sec. 56; Corporations, 14 A C. J. p. 185, sec. 1962; 14 C. J. p. 253, sec. 285; p. 254, sec. 286; Evidence, 22 C. J. p. 1218, sec. 1623.