THE VILLAGE OF BARRINGTON, Appellee, *vs.* GEORGE A. LAGESCHULTE *et al.* Appellants.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. APPEALS AND ERRORS—*abstract of record should be sufficient to show matters relied upon as error.* The rules of the Supreme Court require parties bringing causes to that court to furnish an abstract of the record, properly indexed, so complete as to fully present every error relied upon and sufficient for the determination of the case without an examination of the written record, as the court will not search the record to find reasons for reversing a judgment.

2. SPECIAL ASSESSMENTS—*when an abstract of record is insufficient.* On appeal of objectors in a proceeding for confirmation of a special assessment the abstract of record is not sufficient to warrant consideration of the case by the Supreme Court where the matters relied upon in the assignment of errors, including the entry of the judgment of confirmation, are not shown.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

RALPH L. PECK, for appellants.

HOWARD P. CASTLE, Village Attorney, JOHN A. SENNE, and LANGWORTHY, STEVENS & McKEAG, (B. F. LANGWORTHY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of Barrington filed a petition in the county court of Cook county for the levying of a special assessment to pay for the construction of a combined system of storm-water and sanitary sewers. An assessment roll was filed, to which objections were filed by Ralph L. Peck, as to which the abstract shows the following:

"Objections filed for George A. Lageschulte, D. C. Schroeder and A. T. McIntosh & Co., by Ralph L. Peck.

"Specific objections filed by Ralph L. Peck, thirty-nine in number.  *  *  *

"Order setting aside default and adding as objectors, filed by Ralph L. Peck, Albert E. Sturtz and E. C. Thies.  *  *  *

"Order of February 3, 1926, overruling objections presented by Ralph L. Peck.

"Order dated February 18, 1926, denying rehearing of legal objections and waiving further controversy and granting an appeal. Bond and appeal of exceptions to be filed by March 19, 1926.  *  *  *

"Order of March 5, 1926. Upon motion of Ralph L. Peck to vacate the judgment of confirmation, ordered that motion be entered and further hearing continued until March 17, 1926.

"Order dated March 17, 1926. Upon petition by Ralph L. Peck motion to vacate overruled and denied. Appeal prayed, bond and bill of exceptions to be filed by April 8, 1926.

"Order March 19, 1926, order that all appeals allowed be joint or several and extending time to file bills of exceptions to April 14, 1926, and approving bonds of George A. Lageschulte, D. C. Schroeder and E. C. Thies."

This is all that the abstract shows in regard to the objections or the orders of the court. It shows no judgment of confirmation, and so far as we are advised the transcript of the record shows no such judgment. The appellants'

brief contains no statement of the case further than that
the appeal is from a final judgment of confirmation entered
March 17, 1926, in a special assessment proceeding; that
the objectors represent a large number of parcels of prop-
erty, their assessment totaling approximately $35,000; that
the legal objections generally challenge the legality and
validity of the ordinance and the proceedings, and the
appeal is taken on the overruling of the legal objections.
There is no statement of what those objections were or
why the legality and validity of the ordinance and the pro-
ceedings are questioned. After stating under the head,
"Brief and authorities," certain propositions and citing cer-
tain decisions, the appellants continue with an argument of
several propositions, in the course of which various state-
ments of fact and law are made. The application of these
statements to the case is not made to appear, for not a single
reference is made to any part of the abstract, and no one
of the thirty-nine objections said to have been specified is
stated in the brief or abstract or its place in the record in-
dicated. We might infer from things said in the course
of the argument that objections were made which raised
the question of the establishment of grades, the location of
catch-basins, the establishment of a village datum, the neces-
sity of the acquisition of private property for the construc-
tion of the improvement, the provision for an outlet, and
other questions; but no such objections appear in the ab-
stract and the brief does not point out where they may be
found in the record, whether the objections filed did, in fact,
raise these questions, or where the evidence bearing on them
is to be found, either in the abstract or the record.

Rule 14 of this court requires the party prosecuting an
appeal or writ of error to furnish a complete abstract of the
record, sufficient to present fully every error relied upon,
preceded by a complete index, alphabetically arranged, in-
dicating the nature of each exhibit and the page where it
may be found, giving the names of the witnesses and the

pages of their direct, cross and re-direct examination. By rule 15 the appellant is also required to file a brief containing a short and clear statement of the case, showing, first, the form of the action; second, the nature of the pleadings sufficiently to show what the issues were and to present any question subject to review arising on them; third, in cases depending upon the evidence, the leading facts which the evidence proved or tended to prove, with appropriate references to the abstract; fourth, how the issues were decided and what the judgment was; and fifth, the errors relied upon for reversal. A substantial compliance with these rules is essential to the orderly disposition of the business of the court. It is not the duty of the court to search in the record for the matters material to the disposition of the contested issues, but it is the duty of the attorney to prepare such matters so as to present clearly and in an orderly manner for the consideration of this court the questions which were presented in the trial court. The rules of court require parties bringing causes to this court to furnish an abstract of the record, properly indexed, so complete as to fully present every error relied upon and sufficient for the determination of the case without an examination of the written record. The court will not search the record to find reasons for reversing a judgment. *Inman* v. *Miller,* 234 Ill. 356; *Gay* v. *City of Chicago,* 228 id. 310; *Hickox* v. *City of Springfield,* 208 id. 28; *Traeger* v. *Mutual Building Ass'n,* 189 id. 314; *Gibler* v. *City of Mattoon,* 167 id. 18.

The abstract of the appellants does not comply with the rules. It is not sufficient to show the existence of the errors alleged in the assignment of errors, or even to show the entry of the judgment of confirmation which is sought to be reviewed. For this reason the judgment is affirmed.

*Judgment affirmed.*