Lizzie Lee, Appellee, v. James J. Meredith, Appellant.

Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

PHILIP G. LISTEMAN, for appellant.

W. E. KNOWLES, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee's husband, Sylvester Lee, procured a loan of $2,800 from appellant. To secure the payment thereof, Lee and his wife conveyed certain real es-

tate to appellant and took a bond for a deed for the same premises. By the terms of the bond Lee was to pay the $2,800 in monthly payments of $40, beginning on September 13, 1903, with interest at the rate of 7 per cent per annum payable semiannually on the whole sum remaining from time to time unpaid. Lee died in 1905 and his children conveyed their interest in the premises to appellee. For about three years payments were made monthly but not always for the full amount and only on one occasion was more than $40 paid. Payments gradually dropped off each year until but one payment was made each year during the years 1914, 1915, 1916 and 1917. The total payments made on the contract until the fall of 1917 amounted to $2,377.

In the fall of 1917 appellant went into possession of the premises with the consent of appellee, made some repairs and collected rent. While he was in possession appellee filed her bill of complaint to the January term, 1921, of the city court, in which she averred that by reason of the payments made on the contract and the rents collected by appellant he had received a large sum of money over and above the amount that was actually due him. She prayed for an accounting, that the appellant be required to pay any balance due her and to reconvey the premises. Two amended and supplemental bills were later filed and issues being joined the cause was referred to a special master in chancery. During the pendency of the suit appellant conveyed the premises in question to appellee. The master found that up to September 18, 1917, there had been paid on the contract the sum of $2,387. He allowed interest to appellee on that sum at the rate of 7 per cent from September 18, 1917, to December 7, 1926, $1,560. He found that appellant had collected rents, $2,886, and allowed interest thereon from the date of collection to December 7, 1926, $1,139.01. He found that rents were lost through a failure to

keep the property in a tenantable condition to the amount of $712, and allowed interest on that, $345, making a total credit to appellee of $9,029.91.

On the other hand, he found that appellee should be charged with the amount borrowed, $2,800. He figured interest on that amount to September 18, 1917, on balance from time to time at 7 per cent, which amounted to $1,391.23. He then figured interest on $413, which was the difference between the original loan and the amount of the payments thereon, and he found that interest to be $136.08. He also found that appellant had made repairs and had been to expense while in charge of the property to the amount of $945.67. He found that the total amount with which appellee should be charged was $5,272.98, and deducting that amount from the $9,029.91, he found that there was due appellee the sum of $3,756.93, and recommended a decree therefor. Both parties filed objections which were overruled by the master and the same were allowed to stand as exceptions before the court. The court sustained the findings of the master in all respects except as to the item of rents found to have been lost through the failure to keep the property in repair and the interest thereon, the total amount of which was $1,057, and appellant was decreed to pay to appellee the sum of $2,699.03, with interest at the rate of 5 per cent from December 7, 1926.

It is quite evident that the law in regard to the computation of interest was wholly ignored. The law is well settled that where the account due consists of principal and interest, partial payments made on account will be applied first to the payment of interest already due and then to the payment of principal. If interest is due on the account it should be calculated to the time when the partial payment is made and the partial payment applied to the discharge of the interest. If the payment exceeds the interest due, the bal-

ance should be applied to diminish the principal. If the payment is less than the amount due for interest, the balance of the interest is not to be added to the principal but is to be set apart, to be paid, together with other accumulated interest by the next payment. *McFadden v. Fortier,* 20 Ill. 509; *Heartt v. Rhodes,* 66 Ill. 351; *In re Cunningham's Estate,* 311 Ill. 311.

To calculate interest on the whole to the date of trial and add the same to the principal, and then deduct from this the payment, with the same interest thereon to the date of the trial, is not the proper mode of computation. *Heartt v. Rhodes, supra.* Upon a bill to redeem, if the rents and profits received by the mortgagee exceed the amount expended in repairs, the excess will be applied from time to time to the payment of interest accrued, before any part is applied to the reduction of the principal. *Reed v. Reed,* 10 Pick. (Mass.) 398.

In the case at bar, the parties stipulated that the interest should be paid semiannually on the whole sum remaining from time to time unpaid. That being true, the interest should be computed on the $2,800 for the first six months. Interest should be computed on each payment made during that six months' period from the time the payment was made until the end of that period. The interest on the several payments, as well as the total amount of the payments, should be deducted from the amount of the loan with the six months' interest added thereto. The balance remaining would draw interest for the next six months and the payments with interest thereon should be deducted as before and so on for each six months' period. If during any six months' period the payments made during that period are not sufficient to pay the interest, the payments should not be deducted but the interest should be figured until such a time as the payments would equal or exceed the interest, and then be deducted. That method of computation was not adopted.

After appellant took possession of the premises, the rents collected, less the reasonable and necessary repairs and expenses, should have been treated as payments made on the contract and the interest calculated on the partial payment plan as above indicated. This was not done.

If we figure the interest on the contract in accordance with the law and on the most favorable basis possible to appellee, there was still due on the contract in September, 1917, about $2,300. The master and the court found that appellant collected rents to the amount of $2,886, and that he paid reasonable repairs and expenses of $945.67. That would leave the net amount of rents to be credited to appellee, $1,940.33. There is no finding as to the dates when the several amounts of rent were collected. If we assume that the same amount of rent was collected during each six months' period while appellant was in possession of the premises, the rent for each six months' period would be about $129. Taking the amount due on the contract in September, 1917, which was about $2,300, and calculating the interest and giving credit for the rents on the basis mentioned, it will be found·that appellant has not received all that is due him. He is not claiming, however, that he should have a money decree against appellee and he has reconveyed the premises to her.

Appellee has filed an additional abstract purporting to show that she has assigned cross errors in which she claims that the court erred in not finding that appellant was indebted to her in a much larger sum; that the court erred in finding that the rents collected only amounted to $2,886; that the court erred in finding that appellant was entitled to any credit for repairs and expenses. No cross errors have been assigned upon or attached to the record. It is not sufficient that the abstract of the record shows an assignment of errors or cross errors which is not written upon or

attached to the record. Rule 15 of this court provides that the assignment of cross errors must be written upon or attached to the record. The cross errors cannot properly be considered. *McAllister v. Weber Motor Car Co.*, 243 Ill. App. 530. If the cross errors have been written upon or attached to the record, appellee has failed to point out in her brief and argument where the evidence may be found, if any, showing that a greater amount of rents was collected by appellee. The same is true in regard to the claim that appellant should not receive credit for reasonable repairs and expenses. The evidence before the master covers 363 typewritten pages. The court cannot be expected to search the record in order to ascertain whether or not an assignment of error or cross errors is well taken. The decision of the trial court is presumed to be correct. When a litigant insists that error has been committed it is his duty to point out where the evidence in support of his contention may be found in the abstract. It has not been shown that there is anything due appellee and for that reason the judgment is reversed without remanding.

*Reversed.*