STEVENS, ET AL. v. LAUB, ET AL.
(No. 1384; March 28, 1928; 265 Pac. 453)

*H. Glenn Kinsley* and *R. E. McNally,* for appellants.

184

*Louis J. O'Marr,* for respondents.

186

Before RINER, Justice, TIDBALL, District Judge, and BROWN, District Judge.

TIDBALL, District Judge.

The parties will be referred to as in the District Court. The plaintiff's action is upon a promissory note in the sum of $2,500 dated October 15th, 1919, made by defendants and payable one year after date to the First National Bank of Sheridan. The note is endorsed on the back thereof, under date of December 11th, 1920—''Pay to the order of T. C. Diers, H. C. Stevens, Geo. Anderegg, J. G. Tousses, and Eff Sharp. Without Recourse. First National Bank of Sheridan, Wyoming, by C. L. Chapman, Cashier.''

On October 1st, 1920, the defendants entered into an agreement for the sale of real estate with the Mountain Home Improvement Company, a corporation, of which corporation the plaintiffs were the directors. The agreement was for the sale of certain real estate embraced in the Piney Inn subdivision in Sheridan County, Wyoming, a summer resort near Sheridan. This resort was the property of the defendants, and, according to the agreement, was to be deeded to the Mountain Home Improvement Company when certain payments had been made to defendants. This real estate at the time said contract was entered into was encumbered by a mortgage to the First National Bank of Sheridan, Wyoming, in the sum of $2,500, securing the note on which this suit was begun. The agreement provided for certain payments to be made by the Mountain Home Improvement Company, and, in addition, provided that that company would pay the note in question and cause the mortgage thereon to be satisfied and released of record.

The answer consists of three defenses: First, a general denial; second, that the note was paid before the suit was begun; and, third, that the plaintiffs are estopped to assert any claim upon the note for the reason that long before the present action was begun they represented to the defendants that the note in suit had been paid and thereby induced the defendants (a) to give credit for $2,500 to the

Mountain Home Improvement Company upon the contract which defendants had entered into with that company; (b) to extend the time of payments due defendants by the improvement company as provided in said contract; (c) caused defendants to deed away certain lots belonging to them and included in the lands involved in the contract between them and the improvement company; (d) caused the defendants to deed certain of said lands to George Anderegg, one of the plaintiffs; (e) caused the defendants to execute other deeds covering certain portions of said lands to other persons; (f) allowed the improvement company to operate the Piney Inn as a summer resort, said inn being located upon the lands of defendants included within said contract for warranty deed; (g) permitted the improvement company to become insolvent before plaintiffs made any claim upon the note in question. The defendants further allege that all of these acts caused the defendants to be damaged more than the amount due upon the note.

There was a substantial conflict in the evidence as to whether the representation as to payment of the note claimed by the defendants in their answer had been made. There is considerable evidence in the record to the effect that such representations were made by two of the plaintiffs, T. C. Diers and Eff Sharp. However, the judgment of the District Court consisted of a general finding in favor of the plaintiffs and against the defendants for the amount claimed in plaintiffs' petition, and judgment was rendered therefor. No findings of fact were made by the trial court except the general finding in favor of the plaintiffs, and no findings were requested by the defendants. It is true that in a letter written by the District Judge who tried the case to the attorneys of record in the case, the Judge stated that the evidence shows that plaintiffs Diers and Sharp had represented to the defendants that the note in question had been paid. However, such a letter is no part of the record in the case and cannot be made a part of the record. Sewall v. McGovern, 29 Wyo. 62, at 79, 211 Pac. 96. If the de-

fendants desired such finding to be made a part of the record, that could have been done by requesting findings of fact, which was not done.

The evidence shows that the Mountain Home Improvement Company was unable to pay the note in question when it became due, and that in order to prevent a foreclosure the plaintiffs, who were directors of the company, paid the note to the bank and had the note transferred to them without recourse. We know of no rule of law which prevents directors of a corporation from personally acquiring the ownership of such a note, and in such case they would have a right to sue thereon. There is evidence in the record to show—and the trial court's finding for plaintiffs is a finding of that fact—that at the time this note was taken up by the plaintiffs it was not the intention of any of the parties to the transaction that this should constitute payment by the improvement company of the note in question, and further, that the plaintiffs in taking over the note were not paying it for or on behalf of the improvement company, but were paying the note themselves in order to prevent a foreclosure. The note was the obligation of the improvement company and not of the plaintiffs, and the plaintiffs by paying the note and taking it up succeeded to the rights of the bank in the note. It was not their purpose or intent, according to the finding of the trial court, to discharge the obligation of the improvement company to the bank.

It is not necessary to go into the question of false representations made by Diers and Sharp for the reason that the judgment of the court being a general finding for the plaintiffs constitutes a finding against such representations by these defendants.

It might not be out of place to state that the record shows that the improvement company failed to make the payments called for in the contract with the defendants for the purchase of the real estate in question, and that said real estate, by virtue of such failure, reverted to the

defendants. The record further shows that while the property was in the possession of the improvement company, about $9,000 derived from the sale of certain lots and from other sources was put back into the property by way of improvements, and that, in addition to this, the defendant Laub received some $5,775 in cash. In fact, the record shows that nearly all the money derived from the sale of lots in the Piney Inn subdivision either went into improvements on the property or was paid to the defendants in cash. It should also be remembered that the $2,500 note which is in suit in this case was a charge against the property at the time it was conveyed by the defendants to the improvement company and that the defendants were liable on the note at the time the contract was entered into with the improvement company. It would appear from this that it is very doubtful whether the defendants were damaged by any of the acts of the improvement company complained of in the answer of the defendants and for this reason, in addition to those above stated, it would appear that the decision of the trial court in favor of the plaintiffs did not result in an injustice to the defendants.

For these reasons, we are constrained to hold that the plaintiffs had a right to recover upon the note in question, and the judgment of the District Court should, therefore, be affirmed. And it is so ordered.

*Affirmed.*

RINER, J., and BROWN, District Judge, concur.