SIMPSON v. OCCIDENTAL BUILDING & LOAN ASSN., ET AL.

(No. 1781; March 13, 1933; 19 Pac. (2d) 958)

For the respondents in support of their motion to dismiss, there were oral arguments by *R. N. Matson* and *C. A. Lathrop,* of Cheyenne, Wyoming.

For the appellant in resistance of motion, there was an oral argument by *C. E. Lane,* of Cheyenne, Wyoming.

*Per Curiam.*

This case is before the court on the motion of the respondent, Occidental Building & Loan Association, to dismiss the cause for the alleged failure on the part of appellant to comply with the rules of this court, particularly Rule 37 requiring the filing of an abstract of the record as defined therein, and Rule 14, which directs that briefs shall ''refer specifically to the page or portion of the record where the question under discussion arises.'' The case was also briefed and argued on the merits, the submission thereof being made at the same time as the presentation of the argument on the motion aforesaid.

Rule 14 of this court, in its present form, has been in force for a decade. The consequences of failure to obey its provisions appear not to have been discussed in our prior decisions. The requirements of the rule are not unusual, as many other Appellate Courts have regulations similarly phrased, all being designed for the purpose of

aiding and expediting the work of the reviewing tribunal. It seems to be generally held, under provisions of this character, that when they are disregarded by litigants, the court may decline to consider the questions sought to be raised.

In Hunt v. Hunt, 307 Mo. 375, 270 S. W. 365, it was held that, where appellant fails in his brief to set out the matters complained of or to state the substance thereof and refer to the place in the record where they could be found, the court was at liberty to refuse to examine them. To the same effect is Lee v. Meredith, 249 Ill. App. 274, where the court said, ''When a litigant insists that error has been committed, it is his duty to point out where the evidence in support of his contention may be found in the abstract.'' Similarly, in City of Annapolis v. Barthel, 194 Ind. 273, 141 N. E. 339, 409, it was held that where appellant's brief fails to point out the pages of the transcript where the facts relied on or appellant's exceptions may be found, the questions attempted to be raised will not be considered. See, also, Barksdale v. State, 196 Ind. 392, 147 N. E. 765; Senrich v. Carson, 92 Ind. App. 649, 176 N. E. 874; Martin v. State, 93 Ind. App. 26, 177 N. E. 354; Colorado Yule Marble Co. v. Collins, 230 Fed. 78, 144 C. C. A. 376; Hurt v. Monumental Mercury Mining Co., 35 Ida. 295, 206 Pac. 184; Brown v. Gray, 190 Ia. 252, 180 N. W. 162; Moehlenbrock v. Parke, Davis & Co., 141 Minn. 154, 169 N. W. 541; Stroman v. Atlas Refining Corporation, 112 Neb. 187, 199 N. W. 26; Garver v. Lightner, 275 Pa. 401, 119 Atl. 482.

We have examined appellant's brief with care and find that, in a number of instances, questions are discussed without referring to the page of the record where the point involved arose. This infraction of Rule 14, aforesaid, is to be noted before passing to a discussion of the condition of the abstract of record viewed in the light of the requirements of Rule 37.

The rule last mentioned has been in force for more than two years. The abstract of record, which the rule prescribes, serves many useful purposes, one of the most important of which is the condensation of a record on review, so that the parts thereof, vital and material to the proper disposition of the case, shall be presented to the court, thereby aiding the accurate and prompt disposition of its business. Among the provisions of the rule are these:

"Such abstract shall contain a brief statement of the contents of the pleadings, the judgment, the motion for a new trial, the assignments of error relied on, and such other parts of the record as may be essential; but when for a proper understanding and determination of the questions raised it may be necessary, such matters may be stated fully or in the exact words of the record."

Clearly, it must be regarded as essential that the abstract should show that the proper statutory steps were taken by appellant to give this court jurisdiction to entertain the cause. This court, in construing the rule, has already intimated as much, for, in Brewer v. Folsom Bros. Co., 43 Wyo. 433, 5 Pac. (2d) 283, 284; it was said:

"The abstract of the record is furnished for the convenience of the court. We think that it should show the things essential to give this court jursidiction."

The abstract in the case before us does not include either a recitation showing the substance of or a copy of the notice of appeal or the proof of service thereof—vital requisites in a record on appeal.

An inspection of the abstract furnished in the case at bar, also discloses that motions are incorporated therein concerning which, apparently, no questions are presented or argued in appellant's brief. A motion appears in it, too, copied verbatim, which sets forth both argument and

extensive quotations from the opinion of an Appellate Court of another state, material which was obviously improperly included, even in a motion. The letter of the trial judge directing the judgment to be entered in the case, and his views relative to it also appear in the abstract, notwithstanding that this court has repeatedly ruled that it is no part of the record itself. Sewall v. McGovern, 29 Wyo. 62, 211 Pac. 96; Stevens v. Laub, 38 Wyo. 182, 265 Pac. 453. It needs no argument to deduce that all material of this character must be regarded as non-essential to a proper abstract under the rule.

Rule 37 also contains among its provisions:

"In the case of oral testimony and depositions, the substance shall be reduced to narrative form except where, with respect to material portions of the record, it is deemed necessary to use the exact language thereof."

We find that page after page of verbatim copy of the transcript of the oral testimony given in the case is set out in the abstract before us and that, too, embracing immaterial parts of such testimony, no attempt being made to reduce it to narrative form as required by the rule aforesaid. In many instances, no page references to the record are given, although the rule further provides: "Each abstract shall refer to the pages of the record where the evidence abstracted can be found in full."

The authorities are abundant to the effect that when an abstract of the record is required by the rules of an Appellate Court and no sufficient abstract is furnished by the appealing party, the court will either, not search the record itself for errors and so affirm the judgment attacked, or will dismiss the review proceedings. See Bradford v. Bradford, 131 Ark. 594, 200 S. W. 132; Manchester v. Loomis, 197 Ia. 1049, 195 N. W. 958, 198 N. W. 102; Olson v. Lund, 101 N. W. (Ia.) 1128; Spencer v. Kelso, 132 N. W. (Ia.) 13; Werth v. Frye, 258 Mo. 578, 167 S. W.

972; Manuel v. St. Louis & S. F. R. Co., 186 Mo. 499, 85 S. W. 551; Smith v. Stilwell, 9 Ariz. 226, 80 Pac. 333; Finley v. New Cache La Poudre Irr. Co., 44 Colo. 234, 98 Pac. 173; Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649; Village of Barrington v. Lageschulte, 323 Ill. 343, 154 N. E. 137; Clinton v. Drainage Com'rs., 341 Ill. 135, 173 N. E. 108; Schwartzberg v. Central Avenue State Bank, 90 Kan. 637, 135 Pac. 567; Neilson v. Holstein, 13 S. D. 459, 83 N. W. 581; Standard Steam Laundry v. Dole, 20 Utah 469, 58 Pac. 1109; Crowley v. Byrne, 82 Wash. 146, 143 Pac. 873; Marshall v. Marshall, 110 Ore. 519, 223 Pac. 738. In territorial days, under a rule requiring printed abstracts, the Supreme Court dismissed cases for failure to obey it. See Spencer v. McMaster, 3 Wyo. 105, 3 Pac. 798; Trabing v. Meyer, 3 Wyo. 133, 5 Pac. 569.

For noncompliance with its provisions, Rule 37, supra, prescribes that ''the court may dismiss the case or tax costs as the right of the matter may require.'' The abstract before us was filed July 15, 1932; the motion to dismiss calling attention to its failure to regard the rule aforesaid was filed August 29, 1932. The case was argued December 21, 1932. During the period intervening the filing of the motion and the argument, no offer or effort was made to cure the abstract's defects. No excuse was given at the argument why the rule was not observed. We are obliged to reach the conclusion that, on account of the flagrant disobedience of the requirements of Rule 37 in the preparation of the abstract of record in this case, the cause must be dismissed.

That the ''right of the matter'' requires this result is additionally manifest from the following: The clerk's certificate to the record on appeal is fatally defective. It fails to certify that the transcript of testimony is true and correct as a part of that record, as is required by Wyo. Rev. St. 1931, Sec. 89-4906. The certificate is inserted after sundry copies of papers in the case which are

stated to be "full, true, and complete, copies of the originals" on file in the office of the clerk of the District Court. It is then followed by a transcript of testimony and the original specifications of error. Ordinarily, as already pointed out in Wyute Cattle Co. v. Connell, 43 Wyo. 135, 299 Pac. 279, 3 Pac. 101, the final certificate of the clerk of the District Court to a record on appeal should be at the close of the entire record. The form for certification of the record required by the statute is of the simplest: i. e., that it be "true and correct." Yet, again and again, we are confronted with long and elaborate certificates placed in the record where they should not be, which frequently serve only to cause trouble. Where, as in the certificate now being discussed, only separate papers are undertaken to be certified and the statutory form of certification not used, the danger is great that an important paper will be overlooked and not included therein. Indeed, that is true here, thus rendering the clerk's certificate fatally defective in another particular. While the copy of the notice of appeal, itself, is properly certified, nothing whatsoever appears in the certificate concerning the due proof of service thereof, something which is a vital prerequisite to the power of this court to consider a case on appeal and which must appear from the record. See Culbertson v. Ainsworth, 26 Wyo. 214, 181 Pac. 418; Koch v. Koch, 41 Wyo. 450, 287 Pac. 85; Lindback v. Lackey, 41 Wyo. 493, 287 Pac. 320.

The consequences flowing from a failure to have a record on appeal properly certified by the clerk of the district from which the appeal comes, have in the past been repeatedly discussed by this court. See In re Basin State Bank, 43 Wyo. 1, 296 Pac. 1074, where many of our prior decisions are cited and reviewed.

Finally, we may say that our examination of the record and the briefs herein has been such as to convince us that, on the merits, the case was correctly decided by the

432

District Court. If the cause had been properly presented, we should, of course, have overruled the motion to dismiss and deemed it desirable to discuss some of the legal questions submitted. We much prefer not to dispose of cases otherwise than on the merits. We may not, however, disregard plain requirements of the statutes and the rules of court concerning procedure. They necessarily will and must be enforced.

*Dismissed.*